In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00227-CR


______________________________




DAVID WAYNE ROSSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Red River County, Texas


Trial Court No. CR00882




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 David Wayne Rosson appeals from the order placing him on deferred adjudication for the
offense of indecency with a child. We dismiss Rosson's appeal for want of jurisdiction.

 The trial court filed a certification, in accordance with Rule 25.2(a)(2), that Rosson "waived
the right of appeal." Rule 25.2(a)(2) states, in pertinent part: 

 (2) . . . A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal in every case in which it enters a
judgment of guilt or other appealable order.

Tex. R. App. P. 25.2(a)(2). If a certification showing that the defendant has the right of appeal is not
made a part of the appellate record, we must dismiss the case unless the record affirmatively
indicates that an appellant may have the right of appeal. Tex. R. App. P. 25.2(d); see Greenwell v.
Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); Dears
v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). We have examined the clerk's record to
determine whether the trial court's certification is defective. See Dears, 154 S.W.3d at 613. Nothing
in the record indicates the certification is defective. This Court lacks jurisdiction over this appeal. (1) 



 We dismiss the appeal for want of jurisdiction.


 Jack Carter

 Justice


Date Submitted: January 29, 2007

Date Decided: January 30, 2007


Do Not Publish

1. The negotiated plea agreement in this case demonstrates that Rosson's waiver of appeal was
done knowingly, voluntarily, and intelligently. See Ex parte Delaney, 207 S.W.3d 794 (Tex. Crim.
App. 2006) ("One way to indicate that the waiver was knowing and intelligent is for the actual
punishment or maximum punishment to have been determined by a plea agreement when the waiver
was made.").


allowing Ridgeway to testify.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 2, 2003

Date Decided: February 6, 2003


Do Not Publish