IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NOS. AP-75,694; AP-75,695; AP-75,696; AP-75-697; AP-75,698; AP-75,699






EX PARTE GREGORY WAYNE BRISCOE, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. C-1-008100-0949251-A, C-1-008099-0929835-A, 

C-1-008104-0943753-A, C-1-008103-0943752-A, C-1-008102-0943751-A, & 

C-1-008101-0943681-A IN THE CRIMINAL DISTRICT COURT NO. 1

FROM TARRANT COUNTY





 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty
to one charge of aggravated robbery, one charge of evading arrest or detention, and four charges of
robbery, and was sentenced to life for each of the robbery and aggravated robbery convictions, and
two years' imprisonment for the evading arrest or detention conviction. 

 Applicant contends, inter alia, that he was denied the right to appeal these convictions,
because the trial court incorrectly certified that these were plea bargain cases, and that Applicant had
no right to appeal. The trial court has determined that the certifications were incorrect, and that
Applicant's pre-sentencing waiver of appeal was not effective because there were no agreed
sentences. Ex parte Delaney, 207 S.W.3d 794 (Tex. Crim. App. 2006).

 We find, therefore, that Applicant is entitled to the opportunity to file out-of-time appeals of 

the judgments of conviction in Cause Nos. C-1-008100-0949251-A, C-1-008099-0929835-A, C-1-008104-0943753-A, C-1-008103-0943752-A, C-1-008102-0943751-A, & C-1-008101-0943681-A
from the Criminal District Court No. 1 of Tarrant County. Applicant's remaining claims are
dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997). Applicant is ordered
returned to that time at which he may give written notices of appeal so that he may then, with the aid
of counsel, obtain meaningful appeals. All time limits shall be calculated as if the sentences had been
imposed on the date on which the mandate of this Court issues. We hold that, should Applicant
desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the
trial court within 30 days after the mandate of this Court issues.


Delivered: June 13, 2007

Do Not Publish