IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,277-01, -02 & -03






EX PARTE GEORGE DANIEL GRANT, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 93-41138, 93-41533 & 98-01839 


IN CRIMINAL DISTRICT COURT NO. 3

FROM DALLAS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated sexual assault of a child and one count of indecency with a child. He was sentenced to
imprisonment for two terms of forty years and one term of twenty years. The Fifth Court of Appeals
dismissed his appeals. Grant v. State, Nos. 05-05-00920-CR, 05-05-00921-CR, 05-05-00922-CR
(Tex. App.-Dallas, delivered July 21, 2005, pet. ref'd).

 Applicant contends, among other things, that he was denied his right to appeal as a result of
invalid appeal waivers at his adjudication of guilt proceeding. The trial court found that Applicant had
waived his right to appeal, and recommended that we deny relief. We believe, however, that the
record is not sufficient to resolve (1) whether Applicant waived his right to appeal before or after he
was sentenced; and (2) whether Applicant's waivers were voluntary, intelligent, and knowing. See
Ex parte Delaney, 207 S.W.3d 794 (Tex. Crim. App. 2006); Monreal v. State, 99 S.W.3d 615 (Tex.
Crim. App. 2003). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law on whether
Applicant's waivers of appeal were voluntary. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


 


Filed: June 20, 2007

Do not publish