Dismissed and Memorandum Opinion filed August 30, 2007








Dismissed
and Memorandum Opinion filed August 30, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00643-CR

____________

 

FRANCISCO JAVIER GARCIA, JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
228th District Court

Harris County, Texas

Trial Court Cause No. 968440

 



 

M E M O R A N D U M   O P I N I O N








Appellant
entered a guilty plea without an agreed recommendation as to punishment to
sexual assault of a child between the ages of fourteen and seventeen.  On June
3, 2004, the trial court deferred a finding of guilt, placed appellant on
community supervision for ten years, and assessed a $200 fine.  The State
subsequently moved to adjudicate appellant=s guilt.  Appellant entered a plea of
true to the allegations in the State=s motion to adjudicate.  The trial
court adjudicated appellant=s guilt and sentenced him on June 27, 2007, to confinement
for five years in the Institutional Division of the Texas Department of
Criminal Justice and assessed a fine of $200.  Appellant filed a pro se notice
of appeal.[1]  We dismiss
the appeal.  

The
trial court entered a certification of the defendant=s right to appeal in which the court
certified that this is a plea bargain and the defendant has no right of
appeal.  See Tex. R. App. P. 25.2(a)(2). 
The record reflects that this is not a plea bargain case, however.  Thus, the
certification is not supported by the record, and ordinarily, we request a
corrected certification.  See Dears v. State, 154 S.W.3d 610, 615 (Tex.
Crim. App. 2005); Tex. R. App. P. 37.1. 
In a plea‑bargain case for deferred adjudication community supervision,
the plea bargain is complete at the time the defendant enters his plea of
guilty in exchange for deferred adjudication community supervision.  Hargesheimer
v. State, 182 S.W.3d 906, 911-12 (Tex. Crim. App. 2006).  Even though a
defendant enters a plea of true to the motion to adjudicate, the rules
governing plea-bargain appeals do not apply.  A[W]hen the defendant appeals from the
proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict
appeal . . . .@  Id. at 913.[2]








Our
record contains a waiver of appeal signed by appellant on June 27, 2007, at the
proceeding where his guilt was adjudicated.  The waiver states that appellant
agrees to waive his right to appeal as part of his agreement with the State to
plead true to the motion to adjudicate.  The waiver further recites that AI understand that the prosecutor will
recommend that I be adjudicated guilty in this cause and my punishment should
be set at 5 years and a fine of $200.00 and I agree to that recommendation.@  This statement is separately
initialed by appellant.  A pretrial or presentencing waiver of the right to
appeal is binding if the waiver is made voluntarily, knowingly, and intelligently. 
Ex parte Delaney, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006).  If the actual punishment
is determined by the plea agreement when the waiver is made, the record
indicates that the waiver is knowingly and intelligently made.  Id.  The
trial court in this case assessed punishment in accordance with the terms of
the agreement.  Therefore, appellant=s waiver is binding.  

Accordingly,
we dismiss the appeal.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed August
30, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  The notice of appeal was filed July 30, 2007.  The
record reflects that the notice was timely mailed on July 27, 2007, the
thirtieth day after sentencing.  See Tex. R. App. P. 9.2(b), 26.2.





[2]  In Hargesheimer, the Court added that AArticle 42.12 '
5(b) will continue to prohibit the appeal of the trial court=s decision to adjudicate guilt.@  182 S.W.3d at
913.  This portion of the Hargesheimer holding has now been abrogated by
the amendment of article 42.12 section 5(b) enacted by Senate Bill 909.  See
Act eff. June 15, 2007, 80th Leg. R.S., ch. 1308, ' 53, 2007 Tex. Sess. Law Serv. ___ .  (AThis determination is reviewable in the same manner as
a revocation hearing conducted under Section 21 of this article in a case in
which an adjudication of guilt had not been deferred.@).