In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00329-CR

____________


ROBERT HARREL BELL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 400th District Court 

Fort Bend County, Texas

Trial Court Cause No. 46914






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. Appellant, Robert Harrell Bell,
pleaded guilty to the offense of accident involving personal injury or death, and, in
accordance with his plea bargain agreement with the State, the trial court sentenced
appellant to confinement for four years. Contemporaneously with his plea of guilty,
appellant, appellant's counsel, and the prosecutor signed a plea agreement packet that
contained a written stipulation of evidence, judicial confession, and defendant's
waiver of right to appeal that stated in part:

 The attorney for the State will recommend to the Court that
my punishment be assessed at the following: four (4) years
confinement TDCJ-ID plus costs. I agree and accept that
recommendation and have entered into a plea bargain
agreement for such recommendation...


 I voluntarily waive my right to file a motion for new trial,
a motion in arrest of judgment, a notice of appeal, right to
have any evidence retained for DNA analysis, or any right
to appeal that I may have in this cause of action.


 After the trial court sentenced appellant to punishment that fell within the terms
of the plea bargain agreement, the trial court certified that this case is a plea- bargain
case and the defendant has no right to appeal. The trial court also certified that 
appellant had waived his right of appeal. Appellant did not request the trial court's
permission to appeal any pre-trial matters, and the trial court did not give permission
for appellant to appeal. (1)

 We conclude that the certification of the right of appeal filed by the trial court
is supported by the record. Tex. R. App. P. 25.2(a). Because appellant has no right
of appeal, we must dismiss this appeal "without further action." Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006).

 Accordingly, the appeal is dismissed for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Nuchia and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. We note that the trial court's certification also states that appellant has waived his
right to appeal. One way to indicate that a waiver of appeal is knowingly and
intelligently made is for "the actual punishment of maximum punishment to have
been determined by a plea agreement when the waiver was made. See Ex parte
Delaney, 207 S.W. 3d 794, (Tex. Crim. App. 2006). Appellant Bell signed plea
papers that state the agreed punishment of confinement for four years. In the case
before this Court, the record reflects that the trial court followed the plea agreement,
and that Bell's waiver of appeal was made at the time of sentencing. These facts are
sufficient to show a valid waiver of the right to appeal because they show that the
waiver was made voluntarily, knowingly, and intelligently. Id. at 799.