In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00479-CR

____________


LIONEL JAMES ABRAHAM, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court 

Harris County, Texas

Trial Court Cause No. 1180030






MEMORANDUM OPINION We lack jurisdiction to hear this appeal. Appellant, Lionel James Abraham,
pleaded guilty to the second degree felony offense of possession of a controlled
substance. He also pleaded true to the allegation in one enhancement paragraph that
he had previously been convicted of a felony offense. In accordance with his plea
bargain agreement with the State, the trial 

2

court sentenced appellant to confinement for 10 years. Along with the plea,
appellant, appellant's counsel, and the State signed a stipulation of evidence which
included, among others, the following statements: "I intend to enter a plea of guilty
and understand that the prosecutor will recommend that my punishment should be set
at 10 years TDC-ID; I agree to that recommendation . . . Further, I waive my right of
appeal which I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor." In addition, appellant signed a
document styled "advice of defendant's right to appeal" that included the following
admonition "The Court, pursuant to Tex. R. App. P. 25.2, advises the Defendant as
follows: (2) If you pled guilty of no contest and accepted the punishment
recommended by the prosecutor, however, you cannot appeal your conviction unless
this Court gives you permission. If you waived or gave up your right to appeal, you
cannot appeal your conviction." The advice of defendant's right to appeal form was
sworn to by appellant and is also signed by the trial court judge. The trial court's
judgment is stamped, "Appeal waived. No permission to appeal granted." 

 After the trial court sentenced appellant to the punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the 

trial court's permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely pro se notice of appeal. 

 We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). We also note that appellant has waived his
right to appeal. In Ex parte Delaney, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006),
the Texas Court of Criminal Appeals addressed the issue of pretrial waivers of appeal
as follows: "[I]n order for a pretrial or presentencing waiver of the right to appeal to
be binding at the punishment phase of trial, the waiver must be voluntary, knowing,
and intelligent. One way to indicate that the waiver was knowing and intelligent is
for the actual punishment or maximum punishment to have been determined by a plea
agreement when the waiver was made. However, simply knowing the range of
punishment for the offense is not enough to make the consequences of a waiver
known with certainty, because it still does not allay the concern that unanticipated
errors may occur at the punishment phase of trial." Here, appellant's waiver of the
right to appeal was made in conjunction with an agreement with the State as to
punishment that was followed by the trial court. Thus, under Delaney, appellant's
waiver is valid. See id. Because appellant has no right of appeal, we must dismiss 

this appeal "without further action." Chavez v. State, 183 S.W.3d 675, 680 (Tex.
Crim. App. 2006).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 We deny pending motions as moot.

PER CURIAMPanel consists of Justices Jennings, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).