IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,532-01






EX PARTE CHARLENE BURNETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-400 IN THE 130TH DISTRICT COURT


FROM MATAGORDA COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to forty years' imprisonment. 

 Applicant contends that her counsel rendered ineffective assistance because counsel failed
to call witnesses at her punishment hearing, failed to attend her sentencing hearing, and failed to
properly cross-examine a witness. She also alleges that the trial court improperly informed her that
she had no right to appeal her sentencing. 

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000); Ex Parte
Delaney, 207 S.W.3d 794 (Tex. Crim. App. 2006). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall obtain a response to
Applicant's claim of ineffective assistance of counsel from counsel. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was informed that she
could appeal her sentence or whether she obtained some sort of consideration for her waiver of
appeal. The trial court shall make findings of fact as to whether Applicant was denied her right to
a meaningful appeal. The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 17, 2010

Do not publish