Opinion issued August 5, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00274-CR

———————————

J. Matilda Luna, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Case No. 1135822

 



 

 MEMORANDUM OPINION

          Appellant was convicted by a jury of the offense of
aggravated sexual assault of a child.  The
State and appellant agreed to remove the punishment phase of the trial from the
jury and to recommend to the court a 10-year sentence.  The trial court accepted the sentencing
agreement and assessed appellant’s punishment at confinement for 10 years.  The trial court entered a “Trial Court’s Certification of  Defendant’s Right of Appeal,”  which states “the defendant has waived his
right of appeal.”  Appellant filed a pro
se notice of appeal.

          We
abated the case and remanded to the trial court because a reporter’s record had
not been filed and because the clerk’s record did not contain a written waiver
of appeal.  The trial court conducted an
abatement hearing at which appellant, appellant’s counsel, and a representative
of the State were present. 

          In
support of the “Trial Court’s Certification of Defendant’s Right of Appeal,”
the trial court stated the following: 

Mr. Luna had a jury
trial.  At that trial he was found guilty
of aggravated sexual assault of a child. 
At some point after the finding of guilt, the defense and the State
entered into a plea bargain wherein on the record both sides indicated that
instead of the jury assessing punishment that the defendant . . . that
there was an agreement made and they were going to take the case from the jury
and the defendant was going to agree to a 10-year sentence . . . the court
followed that agreement and sentenced the defendant to 10 years in prison.  It was also the Court’s understanding and I
believe the understanding of the parties that in exchange for that 10-year
sentence, Mr. Luna was waiving his right to appeal.[1]

 

Appellant’s counsel and counsel for the State both
replied “That’s correct.” 

          At
the court’s request, counsel for the State explained the negotiations between
the State and the defense to remove the punishment hearing from the jury and to
proceed to a hearing before the court with a sentencing agreement that included
a waiver of appeal:

 

After the jury found the
defendant guilty of the offense of aggravated sexual assault of a child, we
then went to the punishment stage.  In
that punishment stage I put the victim’s mother on, who also testified she’s
been sexually assaulted.  At that point
the attorneys for the defendant came to me and asked if I would plead the case
before it went to the jury for verdict to five years TDC.   I told them I would take it back to the
family.  I did.  We came back with a counter offer of 10 years
TDC with the understanding that the case was over, that the defendant would not
appeal the case.  I was told that that
was his agreement . . . we would have gone forward with a jury verdict had we
not agreed to the case being over completely at that point.

 

Appellant’s counsel advised the court that the
State’s recitation was accurate.  

          The trial
court then made a finding that appellant “waived his right to appeal, that both
sides agreed to take this case from the jury, waive jury, and release the jury
in exchange for the 10-year plea bargain.”

          A valid waiver of the right to appeal will prevent a
defendant from appealing without the consent of the trial court.  Tex.
Code Crim. Proc. Ann. art. 
1.14(a) (Vernon Supp. 2009); Monreal v. State, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003).  The Court of Criminal Appeals has held that
when a defendant waives his right of appeal as part of an agreement on
sentencing and the agreement is followed by the court his waiver is made
knowingly, intelligently, and voluntarily. 
See Ex parte Delaney, 207 S.W.3d
794, 7989–9, (Tex. Crim. App. 2006).  See
also Blanco v. State, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000).             Based on the record before this Court,
we find that the trial court’s certification that appellant has waived his
right of appeal as shown on the “Trial Court’s Certification of Right of
Appeal” form signed by the trial court, is supported by the record.  Tex.
R. App. P. 25.2(a).  Because
appellant has no right of appeal, we must dismiss this appeal "without
further action."  Chavez v. State, 183 S.W.3d 675, 680
(Tex.Crim.App. 2006).

Therefore, we dismiss the appeal.

PER CURIAM

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          We note counsel for the State
advised the trial court that at the time of sentencing agreement, she added a
hand-written notation to the form language of the Trial Court’s Certification
of Defendant’s Right of Appeal to reflect the parties agreement that appellant
would waive his right of appeal “to all stages of the trial.”  The hand-written notation “to all stages of
the trial” follows the typed statement “the defendant has waived his right of
appeal” and supports the trial court’s finding that the sentencing agreement
included a waiver or appeal for both the guilt innocence stage of the trial and
the punishment stage.