NO. 07-11-00074-CR, 07-11-0075-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
20, 2011

 



 

JOSE ANGEL MARTINEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE CRIMINAL DISTRICT COURT
NO. 5 OF DALLAS COUNTY;

 

NO. F98-29599-L, F01-32449-K; HONORABLE CARTER THOMPSON, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

ABATEMENT AND REMAND

            Appellant,
Jose Angel Martinez, appeals from the trial court’s determination to proceed to
adjudication of guilt for the offense of aggravated assault with a deadly
weapon and from his plea of guilty for the offense of sexual assault on a
child.  The Clerk’s Records were received
in these causes on April 7, 2011.  It appearing
that the certification of defendant’s right of appeal in each cause is
defective, we will abate these appeals and remand the cause to the trial court
for further proceedings.

            As
to appellate cause number 07-11-0074-CR (trial court cause number F98-29599-L),
pursuant to a plea bargain, appellant was granted deferred adjudication for the
offense of aggravated assault with a deadly weapon in December 1998.  He was placed on community supervision for
ten years and assessed a $300 fine.  The
State moved to proceed with an adjudication of guilt in June of 1999.  The State amended its motion on December 3,
2008,[1]
alleging that appellant violated five of the terms and conditions of his
community supervision.  One of these
alleged violations was that appellant committed the
offense of sexual assault of a child in May of 2005.  This alleged offense was separately indicted
as trial court cause number F01-32449-L (appellate cause number 07-11-0075-CR).

            At
a hearing held as to both causes, the trial court first took up the motion to
proceed to adjudication for the aggravated assault offense.  Appellant entered a plea of true to the
allegations in the State’s motion as part of a plea bargain agreement by which
the State would recommend that appellant be sentenced to eighteen years
confinement.  The trial court adjudicated
appellant guilty of the original offense and sentenced him to eighteen years
confinement.  The trial court then took up
the issue of the sexual assault of a child offense.  In this case, appellant pled guilty to the
offense as part of a plea bargain agreement by which the State would recommend
that appellant be sentenced to eighteen years confinement.  The trial court accepted this plea bargain,
found appellant guilty, and sentenced him to eighteen years confinement.  Appellant timely perfected
appeal in each cause.

            The
certification of defendant’s right of appeal filed in cause number
07-11-0074-CR indicates that it “is a plea-bargain case, and the defendant has
NO right of appeal.”  However, as this
case is on appeal as the adjudication of an offense for which appellant was
originally placed on deferred adjudication community supervision, Texas Rule of
Appellate Procedure 25.2(a)(2) does not apply to
restrict appellant’s right of appeal.  See
Hargesheimer v. State, 182 S.W.3d 906, 913 (Tex.Crim.App.
2006).  See also Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (West Supp. 2010); Dears v. State, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). 
Further, the record does not reflect that appellant voluntarily,
knowingly, and intelligently waived his right of appeal in exchange for an
agreed sentence.  See
Ex parte Delaney, 207 S.W.3d 794, 799 (Tex.Crim.App.
2006); Garcia v. State, No. 14-07-00643-CR, 2007 Tex.App.
LEXIS 7055, at *3-*4 (Tex.App.—Houston
[14th Dist.] Aug. 30, 2007, no pet.)
(not designated for publication).  Consequently, it appears that the
certification of defendant’s right of appeal entered by the trial court in
appellate cause number 07-11-0074-CR is defective.

            The
certification of defendant’s right of appeal filed in cause
number 07-11-0075-CR indicates that “the defendant has waived the right of
appeal.”  While the record reflects that
this case was a plea bargain case for which appellant would generally not have
the right of appeal, there is no waiver of appellant’s right of appeal
contained within the record.  As such, it
appears that the certification entered in appellate cause number 07-11-0075-CR
is also defective.

            Consequently,
we now abate these appeals and remand them to the trial court for further
proceedings.  Upon remand, the trial
court shall utilize whatever means necessary to secure certifications of
defendant’s right of appeal that comply with Rule 25.2(d) in each cause
referenced herein.  Once properly
completed and executed, the certifications shall be included in supplemental
clerk’s records.  See Tex. R. App. P. 34.5(c)(2).  The trial court
shall cause the supplemental clerk’s records to be filed with the Clerk of this
Court by June 20, 2011.  This order
constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of
Appellate Procedure, of the defective certification.  If a supplemental clerk’s record containing a
proper certification is not filed in accordance with this order, this cause
will be referred to the Court for dismissal. 
See Tex. R. App. P. 25.2(d).

            It
is so ordered.

 

                                                                                                Per
Curiam

 

Pirtle,
J., not participating.  

 

Do
not publish.  

 











[1] It appears that, while a capias
was issued for the arrest of appellant in 1999, he was not apprehended until
2008.