NO. 07-11-00074-CR, 07-11-0075-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 20, 2011

_____

JOSE ANGEL MARTINEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT NO. 5 OF DALLAS COUNTY;

NO. F98-29599-L, F01-32449-K; HONORABLE CARTER THOMPSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Jose Angel Martinez, appeals from the trial court's determination to proceed to adjudication of guilt for the offense of aggravated assault with a deadly weapon and from his plea of guilty for the offense of sexual assault on a child. The Clerk's Records were received in these causes on April 7, 2011. It appearing that the certification of defendant's right of appeal in each cause is defective, we will abate these appeals and remand the cause to the trial court for further proceedings.

As to appellate cause number 07-11-0074-CR (trial court cause number F98-29599-L), pursuant to a plea bargain, appellant was granted deferred adjudication for

the offense of aggravated assault with a deadly weapon in December 1998. He was placed on community supervision for ten years and assessed a $300 fine. The State moved to proceed with an adjudication of guilt in June of 1999. The State amended its motion on December 3, 2008,[1] alleging that appellant violated five of the terms and conditions of his community supervision. One of these alleged violations was that appellant committed the offense of sexual assault of a child in May of 2005. This alleged offense was separately indicted as trial court cause number F01-32449-L (appellate cause number 07-11-0075-CR).

At a hearing held as to both causes, the trial court first took up the motion to proceed to adjudication for the aggravated assault offense. Appellant entered a plea of true to the allegations in the State's motion as part of a plea bargain agreement by which the State would recommend that appellant be sentenced to eighteen years confinement. The trial court adjudicated appellant guilty of the original offense and sentenced him to eighteen years confinement. The trial court then took up the issue of the sexual assault of a child offense. In this case, appellant pled guilty to the offense as part of a plea bargain agreement by which the State would recommend that appellant be sentenced to eighteen years confinement. The trial court accepted this plea bargain, found appellant guilty, and sentenced him to eighteen years confinement. Appellant timely perfected appeal in each cause.

The certification of defendant's right of appeal filed in cause number 07-11-0074-CR indicates that it "is a plea-bargain case, and the defendant has NO right of appeal."

---

[1] It appears that, while a capias was issued for the arrest of appellant in 1999, he was not apprehended until 2008.

However, as this case is on appeal as the adjudication of an offense for which appellant was originally placed on deferred adjudication community supervision, Texas Rule of Appellate Procedure 25.2(a)(2) does not apply to restrict appellant's right of appeal. See Hargesheimer v. State, 182 S.W.3d 906, 913 (Tex.Crim.App. 2006). See also TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2010); Dears v. State, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). Further, the record does not reflect that appellant voluntarily, knowingly, and intelligently waived his right of appeal in exchange for an agreed sentence. See Ex parte Delaney, 207 S.W.3d 794, 799 (Tex.Crim.App. 2006); Garcia v. State, No. 14-07-00643-CR, 2007 Tex.App. LEXIS 7055, at *3-*4 (Tex.App.—Houston [14th Dist.] Aug. 30, 2007, no pet.) (not designated for publication). Consequently, it appears that the certification of defendant's right of appeal entered by the trial court in appellate cause number 07-11-0074-CR is defective.

The certification of defendant's right of appeal filed in cause number 07-11-0075-CR indicates that "the defendant has waived the right of appeal." While the record reflects that this case was a plea bargain case for which appellant would generally not have the right of appeal, there is no waiver of appellant's right of appeal contained within the record. As such, it appears that the certification entered in appellate cause number 07-11-0075-CR is also defective.

Consequently, we now abate these appeals and remand them to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure certifications of defendant's right of appeal that comply with Rule 25.2(d) in each cause referenced herein. Once properly completed and executed, the

3

certifications shall be included in supplemental clerk's records. <u>See</u> TEX. R. APP. P. 34.5(c)(2). The trial court shall cause the supplemental clerk's records to be filed with the Clerk of this Court by June 20, 2011. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause will be referred to the Court for dismissal. <u>See</u> TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Pirtle, J., not participating.

Do not publish.

4