Opinion issued January 26, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00514-CR

———————————

KELVIN
WASHINGTON,
Appellant

V.

The State of
Texas, Appellee



 



 

On
Appeal from 240th District Court

Fort
Bend County, Texas



Trial
Court Case No. 07DCR045872A

 



MEMORANDUM OPINION

Appellant, Kelvin Washington, pleaded guilty to burglary of a
building, and, in accordance with the plea agreement, the trial court sentenced
appellant to confinement for ten years. 
The trial court certified that this is a plea bargain case with no right
of appeal, and that appellant waived the right of appeal.  Appellant filed his notice of appeal. 

We dismiss.

In a plea bargain case, a defendant may appeal only those
matters that were raised by written motion filed and ruled on before trial, or
after getting the trial court’s permission to appeal. Tex. R. App. P. 25.2(a)(2). An appeal must be dismissed if a
certification showing that the defendant has the right of appeal has not been
made part of the record. Tex. R. App. P.
25.2(d).

Here, the trial court’s certification, which is included in
the record on appeal, states that this is a plea bargain case with no right of
appeal, and that appellant waived the right of appeal. See Tex. R. App. P.
25.2(a)(2), 25.2(d).  The certification
is supported by the record.  The record
includes Defendant’s Waiver of Right to Appeal in which appellant acknowledged
he was admonished regarding his right to appeal, and that he voluntarily waived
any right of appeal. When a defendant waives his right of appeal as part of an
agreement on sentencing and the agreement is followed by the trial court, his
waiver is made knowingly, intelligently, and voluntarily, and he may not appeal
any matters unless the trial court first grants permission.  Ex parte
Delaney, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006); Blanco, 18 S.W.3d at 219–20.  

Because appellant has no right of appeal, we must dismiss
this appeal. See Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals, while having
jurisdiction to ascertain whether an appellant who plea-bargained is permitted
to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further
action, regardless of the basis for the appeal.”).

Accordingly, we dismiss the appeal for want of
jurisdiction.  All pending motions are
dismissed as moot.

We direct the Clerk to issue the mandate within 10 days of
the date of this opinion.  See Tex.
R. App. P. 18.1.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. 
 Tex. R. App. P. 47.2(b).