IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,177-01






EX PARTE REYES RUIZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 59,406-E IN THE 108TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
possession with intent to deliver methamphetamine and was sentenced to twenty years'
imprisonment.

 Applicant contends his trial counsel rendered ineffective assistance because counsel
failed to timely file a notice of appeal. The certification of Applicant's right to appeal
indicates the case was a plea-bargained case with no right to appeal, and it also indicates
Applicant waived his right to appeal. Applicant acknowledges he signed the appellate waiver,
but he complains it is not enforceable because his guilty plea was without an agreed
recommendation from the State. 

 A defendant may knowingly and intelligently waive his right to appeal as part of a
plea, even when sentencing is not agreed upon, where consideration is given by the State for
that waiver. Ex parte Broadway, 301 S.W.3d 694 (Tex. Crim. App. 2009); see also Ex parte
Delaney, 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006) (holding where a waiver of appeal
is entered prior to adjudication and sentencing, has not been bargained for, and the precise
terms of punishment are uncertain, the waiver is not made voluntarily, knowingly, and
intelligently). 

 The plea papers state, "Defendant may plead to the court WITHOUT an Agreed
Recommendation (Open Plea)" (emphasis and parenthesis in original). The papers also state,
"Defendant ... waives and gives up the time provided by law in which to file a ... Notice of
Appeal." The writ record does not indicate whether consideration was given by the State for
that appellate waiver. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall obtain from trial counsel an affidavit responding to
Applicant's claim of ineffective assistance. In addition to obtaining this affidavit, the trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve
disputed factual issues. In the appropriate case, the trial court may rely on its personal
recollection. Id. If the trial court elects to hold a hearing, it shall determine whether Applicant
is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art.
26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right
to a meaningful appeal. The trial court shall also make any other findings of fact it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: March 21, 2012

Do not publish