**Order entered June 17, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01300-CR

**RAUL R. RICOY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-54024-P**

## ORDER

The trial court's certification reflects that appellant waived his right to appeal. After reviewing the record, the Court questions the accuracy of the certification. Specifically, although the plea form signed at the hearing on the State's motion to adjudicate guilt has the box checked that states appellant waives his right to appeal, the record reflects that appellant pleaded true to the allegations in the motion to adjudicate without benefit of a plea bargain. The hearing on the motion to adjudicate was conducted on one day and the trial court sentenced appellant on a different day. Nothing in the record reflects any agreement between appellant and the State as to the sentence imposed, nor does the record contain anything to show appellant waived his right to appeal after he knew what his sentence would be. Therefore, it appears the certification may be incorrect. Additionally, appellant's brief is overdue.

Accordingly, we **ORDER** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine the following:

- Whether appellant waived his right to appeal in conjunction with a plea agreement with the State or after appellant was aware of the sentence that would be imposed. *See Ex parte Delaney*, 207 S.W.3d 794 (Tex. Crim. App. 2006); *Blanco v. State*, 18 S.W.3d 218 (Tex. Crim. App. 2000). If the trial court determines that appellant waived his right to appeal in one of the manners set out above, it shall make a finding to that effect.

- If the trial court determines appellant did not waive his right to appeal, the trial court shall prepare an amended rule 25.2(d) certification that accurately reflects the trial court proceedings.

- The trial court shall next determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam).

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, any orders, and any supporting documentation, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.


/s/    LANA MYERS
         JUSTICE