IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-79,776-01, -02 & -03




EX PARTE COURTNEY ADAM WATTS, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 1236670D, 1236671D & 1236802D 
IN CRIMINAL DISTRICT COURT NUMBER TWO
FROM TARRANT COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of marihuana and possession of alprazolam and hydrocodone with the intent to deliver. He was
sentenced to eight years’ imprisonment on each count. He did not appeal his convictions.
            Applicant contends, among other things, that counsel failed to advise him that he could
appeal his convictions. The trial court made findings of fact and conclusions of law and
recommended that we deny these applications. We believe that the record is not adequate to resolve
Applicant’s claim. According to the record, Applicant pleaded guilty without a recommendation
from the State and waived his right to appeal. Nothing in the record indicates, however, whether his
waivers were bargained for or made in exchange for a recommendation from the State. “When a
presentencing waiver of appeal was not bargained for in exchange for an agreed upon sentence,
concerns as to the validity of the waiver are raised.” Ex parte Delaney, 207 S.W.3d 794, 798 (Tex.
Crim. App. 2006).
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings of fact and conclusions of law as to whether
Applicant’s waivers of appeal were valid; counsel’s conduct was deficient; and his conduct rendered
Applicant’s pleas involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: July 24, 2013
Do not publish