Order entered January 9, 2014



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01246-CR

**ALEXANDER JAMES GABRIEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-81517-10**

## ORDER

The clerk's record has been filed in this appeal, but the reporter's record has not been filed. Moreover, upon review of the clerk's record, we question the accuracy of the trial court's certification of appellant's right to appeal. Specifically, the certification states both that the case involves a plea bargain and appellant has no right to appeal and that appellant waived his right to appeal. However, the appeal is from the trial court's judgment adjudicating guilty. The provisions of rule 25.2(a) do not apply to plea bargains entered during adjudication hearings, and a plea bargain at the time of the original guilty does not extend to the adjudication hearing. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006); *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Moreover, the record reflects that appellant entered an open plea of true to the allegations in the motion to proceed with adjudication of guilt,

and nothing in the record before the Court indicates appellant waived his right to appeal after he was aware of the punishment that would be assessed. *See Ex parte Delaney*, 207 S.W.3d 794, 799‑800 (Tex. Crim. App. 2006). Therefore, it does not appear the certification of appellant's right to appeal accurately reflects the proceedings in this case.

Accordingly, the Court **ORDERS** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a supplemental record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

We further **ORDER** that the supplemental clerk's record containing a certification of appellant's right to appeal that accurately reflects the proceedings in the case.

The appeal is **ABATED** to allow the trial court to comply with this order.  It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/      LANA MYERS
       JUSTICE