**Ex parte Joshua Wayne DELANEY, Applicant.**

**No. AP-75291.**

Court of Criminal Appeals of Texas.

Nov. 22, 2006.

Leslie L. McLean, Tyler, for appellant.

Michael J. West, Asst. Crim. D.A., Tyler, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Applicant, Joshua Wayne Delaney, was indicted for aggravated robbery. He entered a non-negotiated plea of guilty to the allegation, signed a stipulation of evidence swearing that all elements alleged in the indictment were true, and was admonished by the court of the consequences of his plea. In addition, Applicant signed and executed a voluntary waiver of his right to appeal. Applicant was placed on deferred-adjudication community supervision for ten years. After he violated the terms of community supervision, Applicant's probation was revoked, and he was sentenced to life imprisonment in the Texas Department of Criminal Justice Institutional Division and fined $10,000. Applicant sought the trial court's permission to appeal his sentence, but was denied. He filed an application for a writ of habeas corpus, claiming that he was denied the right of appeal. We filed and set this application for writ of habeas corpus and requested briefs from the parties to determine whether a waiver of the right to appeal that was executed when the defendant was placed on deferred-adjudication community supervision affects the right of appeal after adjudication of guilt and sentencing. We hold that

Applicant was improperly denied the right to appeal his sentence.

## FACTS

Applicant was on deferred adjudication from a timely pass for plea of guilty to aggravated robbery. A timely pass for plea allows the defendant the choice of accepting the judge's punishment or asking for a jury to determine punishment. At his hearing, Applicant was admonished that there was no plea agreement in this case. He waived his right to a jury trial, pled guilty, and signed a stipulation of evidence stating that the allegations in the indictment were true. The parties presented evidence, and the court heard argument on punishment. The court found sufficient evidence to find Applicant guilty, but deferred the finding, placing Applicant on deferred-adjudication probation for a term of ten years and imposing conditions of community supervision. The court asked Applicant if he wanted to accept this sentence or would like a jury to determine punishment. He chose to accept the court's deferred sentence. Applicant was informed of his right to appeal. He testified that he understood his rights and signed a waiver of appeal. The waiver of right to appeal states that "he does not wish to appeal his conviction and expressly waives his right to appeal." The waiver was signed March 9, 2004, which was after he signed the Timely Pass for Plea, but was the same day he signed the Conditions of Community Supervision. The trial court's certification of defendant's right to appeal, stating that the defendant has waived the right to appeal is dated February 23, 2004.[1] A second certification of defendant's right to appeal was signed on February 11, 2005, and also stated that the

defendant waived appeal at the time he was sentenced to probation.

After ten months of deferred-adjudication community supervision, the State filed a motion to proceed to final adjudication, stating that Applicant had violated the terms of his community supervision. Applicant pled true to the allegations that he violated the conditions by failing to pay supervision fees and failing to perform community-service hours. The court revoked his community supervision and proceeded to final adjudication of guilt. Finding Applicant guilty, the court assessed punishment at confinement for life and a fine of $10,000. Applicant sought the trial court's permission to appeal his sentence, but was denied. He filed an application for a writ of habeas corpus claiming that he was denied the right of appeal. We filed and set this case to consider whether a waiver of the right of appeal prevents appeals from the sentencing phase of trial when Applicant signed the waiver before final adjudication and sentencing, the waiver is not bargained for, and punishment is uncertain when the waiver is signed but the range of punishment for the offense is known.

## DISCUSSION

■ A defendant in any criminal action has a right to appeal. Tex.Code Crim. Proc. art. 44.02. However, a defendant in a non-capital felony case may waive any rights secured to him by law, including the right of appeal. Tex.Code Crim. Proc. art. 1.14. Texas has "long held that a valid waiver of appeal prevents a defendant from appealing without the trial court's consent." *Monreal v. State*, 99 S.W.3d 615, 617 (Tex.Crim.App.2003). A valid waiver of the right to appeal is one that

---

1. While it seems odd that the trial court's certification of defendant's right to appeal was signed and dated before Applicant signed and dated the waiver of his right to appeal, these are the dates listed on the documents. Both documents were filed with the clerk of the court on March 12, 2004.

was made voluntarily, knowingly, and intelligently. *Id.; Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Crim.App.1978).

We have held that a defendant on deferred-adjudication community supervision may not appeal from the trial court's determination to proceed with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. art. 42.12, § 5(b); [2] *Hargesheimer v. State,* 182 S.W.3d 906, 913 (Tex.Crim.App.2006). Once a court has adjudicated guilt, it must then conduct a second phase, distinct from the original plea hearing, to determine punishment. *Id.* at 912; *Kirtley v. State,* 56 S.W.3d 48, 51 (Tex.Crim.App.2001).

In *Ex parte Townsend,* 538 S.W.2d 419, 420 (Tex.Crim.App.1976), and *Ex parte Thomas,* 545 S.W.2d 469, 470 (Tex.Crim. App.1977), we held that waivers made before trial or before sentencing cannot be valid for three reasons. *See also Monreal,* 99 S.W.3d at 617. First, when *Townsend* and *Thomas* were decided, prematurely filed notices of appeal were ineffective because the defendant's right of appeal had not yet matured. *Townsend,* 538 S.W.2d at 420; *Thomas,* 545 S.W.2d at 470. Second, a defendant cannot anticipate unknown errors that might occur during trial, therefore his waiver could not be made knowingly and intelligently. *Id.* Last, before a defendant is sentenced, he cannot know with certainty what punishment will be assessed. *Id.* Therefore, a waiver entered into at this point of the trial cannot be valid because the consequences of the waiver cannot be known. *Id.* In both

*Townsend* and *Thomas,* no plea agreement existed. *Townsend,* 538 S.W.2d at 420; *Thomas,* 545 S.W.2d at 469–70.

The blanket rule invalidating all presentencing waivers of appeal was changed in *Blanco v. State,* 18 S.W.3d 218, 219 (Tex. Crim.App.2000), when we upheld a waiver of appeal that was executed after conviction but before sentencing, in exchange for a recommended sentence. We held that there was no compelling reason why the appellant should not be held to his bargain. *Blanco,* 18 S.W.3d at 219–20; *see also Monreal,* 99 S.W.3d at 618. We declined to follow *Thomas* and noted that the three issues raised in *Thomas* and *Townsend* did not apply to the situation in *Blanco.* First, in the time between our decision in *Thomas* and our opinion in *Blanco,* the law changed to allow prematurely filed notices of appeal to be effective. TEX.R.APP. P. 27.1(b); *Panelli v. State,* 709 S.W.2d 655, 657 (Tex.Crim.App.1986). Regarding the second and third concerns raised in *Townsend* and *Thomas,* the facts in *Blanco* were distinguished because the accepted plea agreement and recommended sentence eliminated any uncertainty as to potential future errors in the punishment phase and uncertainty regarding the sentence. *Blanco,* 18 S.W.3d at 219–20. Any possible source of error which might arise during the sentencing phase was removed because, upon reaching this phase of trial, the agreed-upon punishment was applied. *Id.* Similarly, the agreed-upon sentence made the appellant in *Blanco* fully aware of the consequences of signing the waiver, eliminating the third concern. *Id.*[3]

---

**2.** Texas Code of Criminal Procedure article 42.12, § 5(b) states in part that "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred."

**3.** It is interesting to note that the courts of appeals have continued to hold that presentencing waivers do not prevent appeals from the punishment phase of trial when a defendant's punishment is not certain by relying on *Townsend* and *Thomas* instead of *Blanco. Tufele v. State,* 130 S.W.3d 267, 270 (Tex. App.-Houston [14 Dist.] 2004, no pet.) (holding that presentencing waiver did not prevent appeals from the punishment phase of trial

In *Monreal,* we explained that *Blanco* does not require a plea agreement for a waiver to be binding; rather the importance of the plea agreement in *Blanco* was that it determined that Appellant's waiver was knowing and intelligent by specifying the punishment. *Monreal,* 99 S.W.3d at 622. *Monreal* held that there is no requirement that a waiver be bargained for in order for it to be binding. *Monreal,* 99 S.W.3d at 622. However, the unbargained-for waiver of appeal in *Monreal* was signed after his punishment was assessed and he was sentenced, alleviating the concerns raised in *Thomas* and *Townsend.*

When a presentencing waiver of appeal was not bargained for in exchange for an agreed upon sentence, concerns as to the validity of the waiver are raised. This concern led us to conclude in *Thomas* and *Townsend* that presentencing waivers are not binding because they cannot be made knowingly, voluntarily, and intelligently. As in the case before us, there was no plea agreement in *Thomas* or *Townsend.* In *Blanco,* there was a plea agreement, which was important to show that the waiver was knowing and voluntary. In *Monreal,* the waiver of appeal was signed *after* he was sentenced, so the waiver was held to be knowing and voluntary.

## ANALYSIS

▮ In the case before us, the waiver of appeal was executed before the trial court decided to proceed to adjudication of guilt, it was unbargained for, and there was no recommended sentence. Thus, Applicant's waiver of appeal was not made knowingly and intelligently regarding the sentencing phase of trial. Like *Townsend* and *Thomas,* Applicant could not know with certainty at the time he waived his right to appeal if the court would ever proceed to final adjudication or what punishment would be assessed. *Townsend,* 538 S.W.2d at 420; *Thomas,* 545 S.W.2d at 470.

▮ When the punishment that may be assessed if guilt is adjudicated is not certain, the validity of a pretrial waiver of appeal is in question because the waiver cannot be knowing and intelligent when potential errors cannot be anticipated and the consequences of the waiver are unknown. Since Applicant did not bargain for his waiver or have a sentencing recommendation at the time he waived his right of appeal, the facts are distinguishable from the situation in *Blanco.* Even when

because without a sentencing recommendation, the waiver's consequences could not be known and the appellant neither bargained for a sentencing recommendation nor waived his right to appeal after sentencing); *Perez v. State,* 129 S.W.3d 282, 287–88 (Tex.App.-Corpus Christi 2004, no pet.) (reasoning that the waiver was not knowing and intelligent because the appellant could not know the consequences of the waiver at the time it was executed); *Arnone v. State,* No. 05–03–01165–CR, 2004 WL 147612, at *1 (Tex.App.-Dallas Jan. 28, 2004) (holding that because the appellant could not have known what his sentence would be at the time he entered his plea, *Monreal* and *Blanco* are not controlling); *Andrews v. State,* Nos. 2–02–353–CR, 2–02–354–CR, 2003 WL 21770816, at *1–2 (Tex.App.-Fort Worth, July 31, 2003, pet. dism'd)

(an unbargained-for presentencing waiver of the right of appeal was not binding although the appellant's punishment was within the proper range for the offense); *Stowe v. State,* 124 S.W.3d 228, 234–36 (Tex.App.-El Paso 2003, no pet.) (because the appellant did not know what errors might occur at the future sentencing proceeding, and because the plea bargain did not recommend a sentence, the appellant's waiver was not knowing as it related to the sentencing phase of trial although he knew at the time he waived his right to appeal what the range of punishment would be if he was adjudicated guilty); *Talbott v. State,* 93 S.W.3d 521, 523–24 (Tex.App.-Houston [14 Dist.] 2002, no pet.) (although waiver was bargained for, it was not upheld because no agreed-upon punishment had been mentioned).

a waiver is bargained for in exchange for deferred adjudication, if the plea agreement does not contain a recommended punishment to be imposed if guilt is adjudicated, then the waiver may not be knowing and intelligent and thus may not be valid. While a recommended sentence may remove uncertainty, it does not guarantee that the defendant will receive the specified sentence. Because the court is not bound by a plea bargain at the hearing on the motion to adjudicate guilt, a defendant cannot be certain of the term of his sentence until he violates the conditions of his community supervision and guilt is adjudicated. *See Ex Parte Huskins*, 176 S.W.3d 818, 819 (Tex.Crim.App.2005) (stating that "[e]ven if the parties purport to have a plea bargain as to the sentence to be assessed after adjudication, the trial court is not bound by the rules that apply to plea bargains at an original sentencing"); *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex.Crim.App.1999) (holding that "regardless of whether the deferred adjudication was part of a plea bargain, recommended by the prosecution, imposed by the trial court without objection by the appellant, or granted under other circumstances, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits.").

The instant case does not escape all three concerns expressed in *Townsend* and *Thomas*. Unlike *Blanco*, the punishment that would be imposed if Applicant was adjudicated guilty was uncertain when he waived his right of appeal. In *Blanco*, a plea bargain that determined punishment was relied upon to find that the appellant knew the consequences of the waiver, and there were no compelling reasons not to uphold the waiver. *Blanco*, 18 S.W.3d at 219–20. And the appellant knew what sentence would be imposed if he was adjudicated guilty, so there was no concern regarding unanticipated errors. *Id.* This knowledge is the basis for the determination that the waiver in *Blanco* was binding. *Id.* By contrast, when there is not a recommended maximum punishment at the time a waiver is made, the consequences of a waiver cannot be known, and such a waiver is not knowing and intelligent.

The issue in the case before us most resembles the facts in *Townsend* and *Thomas*, where there were no plea agreements, so the waiver of appeal was not binding because of the potential for future errors and because the punishment was uncertain. Although we held in *Blanco* that pretrial waivers of the right of appeal can be binding, *Blanco* is distinguishable from the instant case because in *Blanco*, all future uncertainty was removed by a plea agreement, making the pretrial waiver of appeal voluntary, knowing, and intelligent.

To remove the confusion that has arisen related to pretrial waivers of appeal, we hold that, in order for a pretrial or presentencing waiver of the right to appeal to be binding at the punishment phase of trial, the waiver must be voluntary, knowing, and intelligent. One way to indicate that the waiver was knowing and intelligent is for the actual punishment or maximum punishment to have been determined by a plea agreement when the waiver was made. However, simply knowing the range of punishment for the offense is not enough to make the consequences of a waiver known with certainty, because it still does not allay the concern that unanticipated errors may occur at the punishment phase of trial.

## CONCLUSION

Because his waiver was not knowing and intelligent concerning the punishment phase of trial, Applicant's pretrial waiver of appeal does not prevent appeals from his sentence. When Applicant waived his right of appeal at the time he agreed to

deferred adjudication, he could not know what errors might occur at the sentencing phase of trial or what punishment would be assessed if guilt was adjudicated. Therefore, Applicant's waiver was not knowing and intelligent and does not bar him from appealing from the punishment phase of trial. Relief is granted, and the trial court is instructed to certify Applicant's right to appeal issues related to his sentence.

KELLER, P.J., and WOMACK, J., concurred.