Opinion issued October 2, 2008 










 
                                                          
In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00623-CR
____________

JEFFERY NEIL COLLINS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court 
Harris County, Texas
Trial Court Cause No. 1169579



 
MEMORANDUM OPINION
          Appellant, Jeffery Neil Collins, pleaded guilty, with an agreed punishment
recommendation from the State, to the offense of aggravated assault. Appellant,
signed, under oath a document containing a written waiver of constitutional rights,
an agreement to stipulate to evidence, and a judicial confession. The document
included, among others,


 the following statements:
I intend to enter a plea of guilty and understand that the
prosecutor will recommend that my punishment should be
set at two years TDC; I agree to that recommendation . . .
Further, I waive my right of appeal which I may have
should the court accept the foregoing plea bargain
agreement between myself and the prosecutor. 

The document was also signed by appellant’s counsel, the prosecutor, and the trial
court. In addition, appellant signed and swore to a trial court document styled
“Advice of Defendant’s Right to Appeal” that states in part: 
The court, pursuant to Tex. R. App. P. 25.2, advises the
Defendant as follows: (1) Texas law gives a defendant
convicted of a crime the right o to appeal his conviction.
(2) If you pled guilty or no contest and accepted the
punishment recommended by the prosecutor, however, you
cannot appeal your conviction unless this Court gives you
permission. If you waived or gave up your right to appeal,
you cannot appeal your conviction.

          After the trial court sentenced appellant to two years in prison, a punishment
that fell within the terms of the plea bargain, the trial court certified that appellant had
waived his right of appeal. The trial court’s certification of right of appeal is signed
by the trial court judge, the appellant and appellant’s counsel. See Tex. R. App. P.
25.2 (a)(2). The trial court did not give appellant permission to appeal.


 
           A pretrial or presentencing waiver of right to appeal is binding if the waiver
is made voluntarily, knowingly, and intelligently. See Ex Parte Delaney, 207 S. W.
3d 794, 796-97 (Tex Crim. App. 2006). One way to indicate that the waiver was
knowing and intelligent is for the actual punishment or the maximum punishment to
have been determined by the plea agreement when the waiver was made.” Id. at 799. 
         Therefore, we conclude that the certification of the right of appeal filed by the
trial court is supported by the record and that appellant has waived his right of appeal. 
Because appellant has no right of appeal, we must dismiss this appeal “without
further action.” Chavez v. State, 183 S.W. 3d 675, 680 (Tex. Crim. App. 2006).
          Accordingly, we dismiss the appeal.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Jennings, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).