Opinion issued October 16, 2008 

 









 

 


In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00697-CR

____________


ANTHONY JAMES DELEON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court 

Harris County, Texas

Trial Court Cause No. 1156672






MEMORANDUM OPINION

 Appellant, Anthony James Deleon, pleaded guilty, with an agreed punishment
recommendation from the State, to the offense of evading arrest with a motor
vehicle and pleaded true to the allegations in two enhancement paragraphs that
he had two prior felony convictions. Appellant signed, under oath, a document
containing a written waiver of constitutional rights, an agreement to stipulate
to evidence, and a judicial confession. The document included, among other
provisions, (1) the following:

 I intend to enter a plea of guilty and understand that the
prosecutor will recommend that my punishment should be
set at two years TDC; I agree to that
recommendation...Further, I waive my right of appeal
which I may have should the court accept the foregoing
plea bargain agreement between myself and the prosecutor. 



The document was also signed by appellant's counsel, the prosecutor and the trial
court. In addition, appellant signed and swore to a trial court document styled
"Advice of Defendant's Right to Appeal" that states in part: 

 The court, pursuant to Tex. R. App. P. 25.2, advises the
Defendant as follows: (1) Texas law gives a defendant
convicted of a crime the right o to appeal his conviction.
(2) If you pled guilty or no contest and accepted the
punishment recommended by the prosecutor, however, you
cannot appeal your conviction unless this Court gives you
permission. If you waived or gave up your right to appeal,
you cannot appeal your conviction.


 After the trial court sentenced appellant to two years in prison, a punishment
that fell within the terms of the plea bargain, the trial court certified that appellant had
waived his right of appeal. The trial court's certification of right of appeal is signed
by the trial court, appellant and appellant's counsel. See Tex. R. App. P. 25.2 (a)(2). 
The trial court did not give appellant permission to appeal. (2) 

 A pretrial or presentencing waiver of right to appeal is binding if the waiver is
made voluntarily, knowingly, and intelligently. See Ex Parte Delaney, 207 S.W. 3d
794, 796-97 (Tex. Crim. App. 2006). One way to indicate that the waiver was
knowingly and intelligently is for the actual punishment to have been determined by
the plea agreement when the waiver was made." Id. at 799.

 Therefore, we conclude that the certification of the right of appeal filed by the
trial court is supported by the record and that appellant has waived his right of appeal. 
Because appellant has no right of appeal, we must dismiss this appeal "without
further action." Chavez v. State, 183 S.W. 3d 675, 680 (Tex. Crim. App. 2006).

 Accordingly, we dismiss the appeal.

 We deny any pending motions as moot.

PER CURIAM

Panel consists of Justices Jennings, Hanks, and Bland.


Do not publish. Tex. R. App. P. 47.2(b).


 

 

 
1. Appellant waived a court reporter to record the plea.
2. No pretrial motions were filed or ruled upon by the court.