Opinion issued July 21, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00290-CR

———————————

sean alex gutierrez, Appellant

V.

The State of
Texas, Appellee



 



 

On
Appeal from the 182nd District Court

Harris
County, Texas



Trial
Court Case No. 1119297

 



MEMORANDUM OPINION

Appellant, Sean Alex Gutierrez, pleaded guilty of burglary of
a habitation without an agreed punishment recommendation with the State.  The trial court deferred a finding of guilt
and placed Gutierrez on six years’ community supervision.  Gutierrez subsequently violated the terms and
conditions of his community supervision, and the State moved to adjudicate his
guilt.  The State and Gutierrez agreed to
the sentence that the trial court should impose, and Gutierrez pleaded true to
the motion to adjudicate.  The
Stipulation of Evidence signed by appellant at sentencing states that appellant
waived his right of appeal as part of his agreement with the prosecutor.  The trial court certified that appellant
waived the right of appeal.  Appellant
filed a pro se notice of appeal. 

We dismiss.

An appeal must be dismissed if a certification showing that
the defendant has the right of appeal has not been made part of the record. Tex. R. App. P. 25.2(d).  Here, the trial court’s certification, which
is included in the record on appeal, states that the defendant has waived the
right of appeal. See Tex. R. App. P. 25.2(a)(2), 25.2(d).  The record supports the trial court’s
certification, and includes a Stipulation of Evidence signed by the appellant.  The Stipulation of Evidence contains a waiver
of appeal that, in exchange for a sentence of three years’ confinement, states
“[a]s part of my agreement with the prosecutor to plead true, I agree to waive any right to
appeal I may have concerning any issue or claim in this case.”  When a defendant waives his right of appeal as
part of an agreement on sentencing and his waiver is made knowingly,
intelligently, and voluntarily, and he may not appeal any matters.  Ex parte
Delaney, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006); Blanco, 18 S.W.3d at 219–20.  

Because appellant has no right of appeal, we must dismiss
this appeal. See Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals, while having
jurisdiction to ascertain whether an appellant who plea-bargained is permitted
to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further
action, regardless of the basis for the appeal.”).

Accordingly, we dismiss the appeal for want of
jurisdiction.  All pending motions are
dismissed as moot.

We direct the Clerk to issue the mandate within 10 days of
the date of this opinion.  See Tex.
R. App. P. 18.1.

PER CURIAM

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. 
 Tex. R. App. P. 47.2(b).