

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0685-11

**BILLIE DEAN WASHINGTON, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

**KELLER, P.J., filed a concurring opinion.**

The State sought to revoke appellant's deferred-adjudication probation on a sexual assault offense because appellant had committed the new offense of failure to register as a sex offender. The new failure-to-register case and the adjudication in the sexual assault case were tried at the same hearing. In the new case, the parties reached a plea agreement in which appellant would plead guilty in exchange for a two-year sentence. Because appellant's failure-to-register offense was a state-jail felony,[1] two years was the maximum sentence of imprisonment. He could have been fined up to

---

[1] *See* TEX. CODE CRIM. PROC. arts. 62.101(b), 62.102(b)(1) (West 2010).

$10,000, but he received no fine.[2]  Had the record shown that both cases were part of a single plea agreement, appellant's waiver of his right to appeal on the adjudication case would have been valid.

But the record appears to show the contrary.   The trial judge said, "On the new case based on your plea of guilty and on the papers that you filed, I will find you guilty, I will follow the plea bargain.  When I do that, you give up your right to appeal without my permission *on that case*."[3]  The trial judge asked appellant if he understood that, appellant said yes, and then the trial judge asked what appellant had to say.  Appellant gave an explanation for his conduct and answered a question about his health from his attorney. Then the trial judge said:

> Mr. Washington, my only regret in this situation is that I did not give you life in prison.  I'm going to sentence you to 20 years confinement.  I'm going to find you guilty.  I hope you die in prison.  You raped your granddaughter for years and you're a monster, so I'm glad you're in prison.  I hope you never get out.

So, the record seems to show that the parties had an agreement in the new case and that appellant was throwing himself on the mercy of the court in the adjudication case.  At the least, the record is not clear that appellant obtained any consideration for his plea of true in the adjudication case.  Although *Delaney* involved a waiver of appeal at the original guilty plea, before adjudication was deferred, rather than at the adjudication hearing,[4] the rationale for holding the waiver to be involuntary in *Delaney* was "the concern that unanticipated errors may occur at the punishment phase of trial."[5]  The same concern exists here.  I therefore agree with the Court that the rationale in

---

[2]  TEX. PENAL CODE § 12.35(a) (West 2010).

[3]  Emphasis mine.

[4]  *Ex parte Delaney*, 207 S.W.3d 794, 795 (Tex. Crim. App. 2006).

[5]  *Id.* at 799.

*Delaney* applies in this case and that appellant's waiver was invalid.

 I join the Court's opinion.

Filed: April 4, 2012
Publish