**Dismissed and Memorandum Opinion filed October 8, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00167-CR

---

**MARK BRIAN MORRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1356410**

---

## M E M O R A N D U M    O P I N I O N

A jury convicted appellant of manufacture or delivery of a controlled substance. Prior to commencement of the punishment phase of trial, appellant reached an agreement with the State regarding punishment. In accordance with the agreement, the court assessed punishment at three years in prison. The trial court certified that this is a plea bargain case and appellant has no right to appeal; the court further certified that appellant waived the right to appeal. We dismiss the

appeal for want of jurisdiction.

In its brief, the State contends appellant waived his right to appeal after the jury found him guilty. A valid waiver of the right to appeal will prevent a defendant from appealing without the consent of the trial court. Tex. Code Crim. Proc. art. 1.14(a); *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). When a defendant waives his right of appeal as part of an agreement on sentencing and the agreement is followed by the court, his waiver is made knowingly, intelligently, and voluntarily. *See Ex parte Delaney*, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006).

In this case, the record shows that appellant bargained for an agreed sentence in exchange for waiving his right of appeal. The record reflects the following occurred prior to punishment:

> THE COURT: Are you entering your pleas of true to each one of these freely and voluntarily?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand by pleading true, the range of punishment becomes by confinement in the Department of Criminal Justice for not less than 2 years nor more than 20 years and an optional fine not to exceed $10,000. You understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Under the law, I do not have to accept the following plea bargaining. If I refuse to follow the plea bargaining, it becomes my duty to allow you to withdraw your plea. I understand also that you have reached a plea bargain. And it's also my understanding that one of the conditions of that plea bargain, if I accept it, is that you waive the right to appeal this entire case; is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> * * * * *
>
> THE COURT: Then the plea bargain is three years confinement in Texas Department of Criminal Justice.

2

MS. BURTON [prosecutor]: Yes.

THE COURT: Mr. Morris, is that your understanding of what the plea bargain is?

THE DEFENDANT: Yes, sir.

THE COURT: On your plea of true, I do find the allegations are true and pursuant to the plea bargain, I will assess your punishment at three years confinement in the Texas Department of Criminal Justice.

By waiving his right of appeal as part of an agreement on sentencing, appellant's waiver was made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *Delaney*, 207 S.W.3d at 798–99. The record does not contain evidence that the trial court granted permission to appeal; therefore, the record supports the trial court's certification that appellant waived his right of appeal.

Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Justices McCally, Busby, and Donovan.

Do Not Publish — TEX. R. APP. P. 47.2(b).

3