COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Khutsana Kenya Davis v. The State of Texas

Appellate case number:    01-13-00762-CR

Trial court case number:   1323141

Trial court:               262nd District Court of Harris County

Appellant, Khutsana Kenya Davis, pleaded true to the allegations in a motion to adjudicate her guilt and was convicted of the offense of possession of a controlled substance. Although Davis was represented at trial by appointed counsel and the complete record has been filed, Davis filed her notice of appeal pro se, she has not filed a brief, and no attorney has appeared in this Court on her behalf. Accordingly, on March 11, 2014, we abated this case and remanded to the trial court to conduct a hearing to determine if Davis wished to prosecute her appeal and to determine whether appointed counsel, Kurt Gumberger, should be permitted to withdraw.

The trial court held a hearing pursuant to our order on March 18, 2014. Davis did not appear at the hearing. Further, appointed counsel, Kurt Gumberger, informed the trial court that he attempted to contact Davis at her last known phone number, which resulted in his communicating with a woman who identified herself as Davis' mother. Counsel was informed that the woman did not know Davis' current address or phone number and that Davis has been released from the state jail facility. The trial court then stated that the court and counsel are "unable to determine whether or not [Davis] wants to prosecute the appeal." The trial court concluded the hearing by permitting counsel to withdraw, but the trial court declined to appoint new counsel "since Ms. Davis cannot be located."

We may not dismiss this appeal based on Davis' failure to file a brief. *See* TEX. R. APP. P. 38.8(b)(1). Further, we may not consider the appeal without briefs unless the trial court finds that the appellant no longer desires to prosecute the appeal or that the appellant is not indigent and has failed to make arrangements for filing a brief. *See* TEX. R. APP. P. 38.8(b)(4). Here, the record does not contain any indication that Davis does not wish to pursue her appeal, and the trial court specifically stated that it could not

determine whether Davis wants to prosecute this appeal. Thus, we cannot consider this appeal without briefs, and the record does not support a determination that Davis has waived her right to appeal. *See id.*; *Ex parte Delaney*, 207 S.W.3d 794, 796–97 (Tex. Crim. App. 2006) ("A valid waiver of the right to appeal is one that was made voluntarily, knowingly, and intelligently.").

Finally, because Davis is indigent, she is entitled to the appointment of counsel to represent her on appeal. *See* TEX. CODE CRIM. PROC. ANN. art 1.051(a), (f), 26.04(p) (West Supp. 2013) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.").

Accordingly, we continue the abatement of this appeal and remand for the trial court to appoint new counsel to represent Davis on appeal. Regardless of whether new counsel is able to locate or confer with Davis, counsel shall file a brief on Davis' behalf. *See, e.g.*, *Jones v. Barnes*, 463 U.S. 745, 751–54, 103 S.Ct. 3308, 3312–14, 77 L. Ed. 2d 987 (1983) (holding that counsel generally determines which appellate arguments to raise and is not obligated to assert every claim suggested by client); *Palacios v. State*, No. 13-01-00811-CR, 2005 WL 2335185, at *3 (Tex. App.—Corpus Christi June 17, 2004) (not designated for publication) (concluding that counsel's failure to consult with client did not render counsel's assistance ineffective). Appellant's brief shall be filed no later than 30 days from the date the trial court appoints counsel to represent Davis. *See* TEX. R. APP. P. 38.6(a). Nevertheless, if counsel is unable to locate Davis in order to serve a copy of the brief on her, counsel may certify that she attempted to locate Davis but is unable to find her and is therefore unable to serve her with a copy of the brief. The State's brief, if any, will be due no later than 30 days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

We order the trial court clerk to file a supplemental clerk's record containing the trial court's order appointing new counsel to represent Davis within 20 days of the date of this order. The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Chief Justice Sherry Radack
⊠ Acting individually    ☐ Acting for the Court


Date: April 17, 2014