**Order filed May 1, 2014.**



In The

# Fourteenth Court of Appeals

———————

**NO. 14-14-00241-CR**
**NO. 14-14-00242-CR**

———————

**GRISELDA AZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1366175 & 1366176**

---

## ABATEMENT ORDER

Appellant entered guilty pleas, without an agreed recommendation on punishment, to two charges of intoxication manslaughter. After a pre-sentence investigation, the trial court sentenced appellant in each case on February 21, 2014, to confinement for fifteen years in the Institutional Division of the Texas Department of Criminal Justice, with the sentences to be served concurrently. Appellant filed a timely notice of appeal in each case. According to information

provided to this court, appellant is not represented by counsel in this appeal.

The clerk's records in these appeals were filed April 23, 2014. The records contain the trial court's signed certifications of the defendant's right to appeal in which the court certified that the defendant had waived the right to appeal. *See* Tex. R. App. P. 25.2(d). The records do not contain valid waivers of the right to appeal, however. Non-negotiated waivers of the right to appeal are valid only if the defendant waived the right of appeal knowing with certainty the punishment that would be assessed. *Monreal v. State*, 99 S.W.3d 615, 621 (Tex. Crim. App. 2003). Because there were no plea bargains in these cases, any waivers made before sentencing could not have been made with certain knowledge of the punishment that would be assessed. *See Ex parte DeLaney,* 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006). Accordingly, we issue the following order:

We **ORDER** the appeals abated for the trial court to determine whether the appellant signed valid waivers of the right to appeal after being provided with certain knowledge of the punishment assessed. If such waivers were signed, the trial court shall see that a supplemental clerk's record containing the signed waiver is filed in each case. If the court finds that no valid waivers of the right to appeal were signed, the court shall sign corrected certifications of the defendant's right to appeal and see that that a supplemental clerk's record containing the new certification is filed in each case. *See* Tex. R. App. P. 25.2(f). If the court determines that appellant has the right to appeal, the court shall determine whether appellant is indigent and entitled to appointment of counsel and the preparation of the reporter's record without advance payment of costs. The court shall see that a supplemental clerk's record containing any order appointing counsel for appellant is filed in each case. These supplemental records shall be filed with the clerk of this court on or before **May 23, 2014.**

The appeals are abated, treated as closed cases, and removed from this court's active docket. The appeals will be reinstated on this court's active docket when the supplemental clerk's records are filed in this court. The court will also consider an appropriate motion to reinstate the appeals filed by either party, or the court may reinstate the appeals on its own motion.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Brown.