**Motion Granted; Abatement Order filed November 6, 2014.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-14-00241-CR
NO. 14-14-00242-CR

_____

**GRISELDA AZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause Nos. 1366175 & 1366176**

## ABATEMENT ORDER

On November 13, 2013, appellant entered guilty pleas, without an agreed recommendation on punishment, to two charges of intoxication manslaughter. After a pre-sentence investigation, the trial court sentenced appellant in each case on February 21, 2014, to confinement for fifteen years in the Institutional Division of the Texas Department of Criminal Justice, with the sentences to be served concurrently. Appellant filed a timely notice of appeal in each case.

The clerk's records in these appeals contain the trial court's signed certifications of the defendant's right to appeal in which the court certified that the defendant had waived the right to appeal. *See* Tex. R. App. P. 25.2(d). The records do not contain valid waivers of the right to appeal, however. Non-negotiated waivers of the right to appeal are valid only if the defendant waived the right of appeal knowing with certainty the punishment that would be assessed. *Monreal v. State*, 99 S.W.3d 615, 621 (Tex. Crim. App. 2003). Because there were no plea bargains in these cases, any waivers made before sentencing could not have been made with certain knowledge of the punishment that would be assessed. *See Ex parte DeLaney,* 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006).

On May 1, 2014, this court abated the appeals for appointment of counsel. In addition, the court directed the trial court to review the record and determine if appellant signed a valid waiver of her right to appeal in each case. If no waivers were signed, this court instructed the court to sign revised certifications of the defendant's right to appeal and see that that a supplemental clerk's record containing the new certification is filed in each case. *See* Tex. R. App. P. 25.2(f).

On May 21, 2014, the court held a hearing, and appointed the Harris County Public Defender's office to represent appellant. A supplemental record containing the order appointing counsel was filed July 28, 2014. No signed waivers of the right of appeal were included in the supplemental record. The trial court did not sign corrected certifications, however.

On November 3, 2014, appellant's appointed counsel filed a motion to abate the appeals and instruct the trial court to sign corrected certifications of appellant's right of appeal. We **GRANT** the motion and issue the following order:

We **ORDER** the appeals **ABATED** for the trial court to sign corrected certifications of the defendant's right to appeal and see that that a supplemental

clerk's record containing the new certification is filed in each case. *See* Tex. R. App. P. 25.2(f). These supplemental records shall be filed with the clerk of this court on or before **November 21, 2014.**

The appeals are abated, treated as closed cases, and removed from this court's active docket. The appeals will be reinstated on this court's active docket when the supplemental clerk's records are filed in this court. The court will also consider an appropriate motion to reinstate the appeals filed by either party, or the court may reinstate the appeals on its own motion.

PER CURIAM