

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00293-CR

**SHERRY GUEST,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 26408**

## MEMORANDUM OPINION

Appellant appeals from her judgment of conviction for the first-degree felony offense of manufacture or delivery of a controlled substance (four grams or more but less than 200 grams) and five-year prison sentence. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010).

The trial court's certification of defendant's right of appeal states that the case is a plea-bargain case and the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(d). The trial court's "guilty plea memorandum" includes Appellant's waiver of her right to

appeal in conjunction with her open plea of guilty and a plea agreement for a maximum punishment cap of twenty-five years' imprisonment. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Ex parte Delaney,* 207 S.W.3d 794, 799 (Tex. Crim. App. 2006); *see also Cox v. State,* No. 12-11-00297-CR, 2012 WL 2501031, at *2-3 (Tex. App.— Tyler June 29, 2012, no pet.) (mem. op., not designated for publication) (dismissing appeal where defendant signed waiver in conjunction with agreement with State for thirty-five year punishment cap); *id.* at *2 ("the State gave consideration for Appellant's guilty plea and presentencing waiver of appeal through a plea bargain agreement. The thirty-five year cap on punishment and the modifications to the indictment resulted in a plea bargain.").

Because of the trial court's certification and Appellant's waiver, this appeal is dismissed.[1]


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed October 23, 2014
Do not publish
[CR25]

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. A petition for discretionary review must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. TEX. R. APP. P. 68.2 (a).

