ACCEPTED
01-14-00511-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/20/2015 10:13:34 AM
CHRISTOPHER PRIN
CLERK

## IN THE COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS
### NO. 01-14-00511-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/20/2015 10:13:34 AM
CHRISTOPHER A. PRINE
Clerk

**STEPHEN LARS MORRIS**
Appellant

V.

**THE STATE OF TEXAS**
Appellee

§
§
§
§
§
§
§
§
§

On Appeal From the 185th
District Court Harris County
Trial Cause No. 1384125

### MOTION TO ABATE

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, STEPHEN LARS MORRIS Appellant in the above-styled appeals, and moves that this appeal be abated with instructions to the trial court to enter an accurate Certification of the Defendant's Right of Appeal, and shows:

### I.

On April 1, 2014, Appellant entered a plea of guilty to aggravated assault with a deadly weapon. The case was reset pending the preparation of a pre-sentence investigation. Also on April 1, 2014, the trial court entered a Certification of the Defendant's Right of Appeal, which stated the defendant had waived the right to appeal.

On June 11, 2014, following a PSI hearing, Appellant was sentenced to twenty (20) years in the Texas Department of Corrections. The judgment also states "Appeal Waived. No Permission to Appeal Granted." There is no other indication in the clerk's

record that the Appellant waived his right of appeal, and certainly nothing to suggest that he knew at the time of his guilty plea what his punishment was going to be at the later sentencing hearing. While the State reduced the charge from a first degree felony to a second degree, the plea papers specifically state the plea was "without an agreed recommendation. There is nothing in the record to enable this Court to determine the reason for the charge reduction. It would be mere speculation to assume this was the result of a plea bargain. Finally there is no written waiver of appeal in the clerk's records on appeal.

## II.

With respect to the certification of the defendant's right of appeal, the Court of Criminal Appeals has stated that "TRAP Rules 44.3 and 44.4 reflect a strong interest in ensuring that a defendant's right to appeal is not abridged due to 'defects or irregularities' " that can be corrected. *Dears v. State,* 154 S.W.3d at 614 (Tex. Crim. App. 2005).

As the record does not conclusively show Appellant's plea was pursuant to a plea bargain he has the right to appeal unless Appellant knowingly and intelligently waived his right to appeal. Non-negotiated waivers of the right to appeal are valid only if the defendant waived the right of appeal knowing with certainty the punishment that would be assessed. *Monreal v. State*, 99 S.W.3d 615, 621 (Tex. Crim. App. 2003). Because there was no plea bargain in this case, any waiver made before sentencing could not have been made with certain knowledge of the punishment that

would be assessed. *See Ex parte DeLaney,* 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006).

Because the record does not support the current certification, Appellant requests this Court to abate the appeal to determine whether there was a valid waiver of appeal and to enter an amended certification if Appellant did not enter a valid waiver of appeal.

Respectfully submitted,

Alexander Bunin
Chief Public Defender

*/s/ Melissa Martin*
Melissa Martin
State Bar No. 24002532
Harris County Public Defender's Office
1201 Franklin 13th Floor
Houston, Texas 77002
Tel: 713-368-0016
melissa.martin@pdo.hctx.net

## CERTIFICATE OF SERVICE

I certify that on the 20th day of January 2015 a copy of the foregoing instrument has been electronically served upon the State of Texas.

*/s/ Melissa Martin*
MELISSA MARTIN