

**NUMBER 13-14-00297-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

ALEJANDRO BARRIENTES,                                             Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 107th District Court
### of Cameron County, Texas.

## ORDER OF ABATEMENT

### Before Justices Benavides, Perkes, and Longoria
### Order Per Curiam

Appellant, Alejandro Barrientes, has filed a notice of appeal with this Court from his conviction in trial court cause number 2013-DCR-657-A. On December 12, 2014, we issued an order determining that appellant's waiver of the right to appeal was invalid because the consequences of the waiver were uncertain at the time and he received no

consideration for it.  *See Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006).  In the same order, we directed appellant's counsel to prepare and file an appellate brief within thirty days.

The thirty-day deadline imposed by our previous order expired on January 12, 2015.  On January 21, 2015, counsel called this Court and stated that he would file a brief the following day, but no appellate brief or motion for extension of time has been received in this case.  Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure.  Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following:   (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to new court-appointed counsel.

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal.   If new counsel is appointed, the name, address, telephone number, and state bar number of the new counsel shall be included in an order appointing said counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental

2

clerk's record.   Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared.   The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of twenty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of February, 2015.