82,696-01

July 19, 2015

Court Of Criminal Appeals

Abel Acosta, Clerk

P.O. Box 12308, Capital Station

Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 24 2015
Abel Acosta, Clerk

RE: Ex Parte Arturo Solorzano Medrano, Applicant
WR-82,696-01

Dear Clerk,

Enclosed you will find "Applicant's Traverse To The State's Findings Of Fact And Conclusions Of Law On Remand". Please file-stamp said instrument and bring it to the attention of the Court in your usual fashion. Thank you for your time and cooperation.

Respectfully Submitted:

Arturo Medrano No. 1894196

Coffield Unit

2661 F.M. 2054

Tennessee Colony, Texas 75884

Writ No. W10-34786-S(A)

CCA No. WR-82,696-01

| | | |
|---|---|---|
| Ex Parte | § | In The 282nd Judicial |
| | § | |
| | | District Court Of |
| | § | |
| Arturo Medrano | § | Dallas County, Texas |

### Applicant's Traverse To State's Findings Of Fact And Conclusion Of Law

To The Honorable Court Of Criminal Appeals:

Now Comes, Arturo Medrano, Applicant, Pro se, and files this "Applicant's Traverse To State's Findings Of Fact And Conclusion Of Law" requesting this Court to grant this foregoing State post conviction writ of habeas corpus. And, in support thereof will show this Court the following:

### Statement Of The Case

On June 3, 2014, Applicant filed this foregoing writ of habeas corpus alleging three constitutional issues for review by the Court of Criminal Appeals. In ground number one, Applicant contends that trial counsel provided ineffective assistance when he failed to investigate and prepare a defense in his behalf. In ground two, Applicant contends that trial counsel provided ineffective assistance of counsel when he failed to explain the nature of the charges to applicant. In ground three, Applicant contends that trial counsel provided ineffective assistance when he failed to adequately communicate applicant's options on appeal.

1

## State's Response

On July, 15, 2014, the State filed a response recommending that relief be denied, alleging that the claims are without merit. (State's Response,pp.5).

## Trial Court's Findings Of Fact And Conclusions Of Law

On August 25, 2014, the trial court filed it's findings of fact and conclusions of law recommendeing that the writ be denied. In making it's findings the trial court found that: (1) the statements made by trial counsel was true, correct, and dispositive of the allegations made by applicant; (2) Applicant was not coerced to go to trial, because he insisted on his innnocence; (3) Applicant wanted a trial and rejected the State's plea bargain offer, and (4) counsel is fluent in spanish and was able to communicate with Applicant throughout the proceedings. (Findings of fact,pp.2).

## Conclusion Of Law

The trial court thereafter concluded that: (1) Applicant has failed to prove that he received ineffective assistance of counsel; (2) Applicant has not been denied any of the rights guaranteed to him by the United States Constitution or the Texas Constitution. The trial court then recommended that Applicant's writ of habeas corpus be Denied. (Conclusion Of Law,pp.3).

## Order Of The Court Of Criminal Appeals REmanding For Additional Facts

On February 4, 2015, this Court (Court of Criminal Appeals) found that: (1) "Applicant has alleged facts that, if true, might entitle him to relief", and thereafter remanded Applicant's writ of habeas corpus back to the trial court with instructions that:

2

(1) "The trial court shall make findings of fact and conclusions of law as to whether Applicant was convicted and sentenced on a plea of "not guilty" or whether Applicant entered into a plea at the punishment stage after having been found guilty by a jury;

(2) If Applicant did waive expressly waive his right to appeal, the trial court shall supplement the habeas record with evidence of such a waiver; and

(3) The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced applicant." (Order of the Court of Criminal Appeals on Remand, WR-82,696-01,pp.2)

## Findings Of Fact And Conslusions Of Law On Remand

On July 7, 2015, the trial court filed it's "Findings Of Fact and Conclusion Of Law On Remand" finding that:

(1) Applicant pleaded not guilty and was found guilty by a jury in this case. (R.R. Vol#1,pp.3);

(2) After the jury found Applicant guilty, he entered into a plea bargain agreement. (R.R. Vol#1,pp.4-5);

(3) The trial court admonished Applicant that his appellate rights would be waived and applicant consented thereto on the record. (R.R. Vol#1,pp.4-5);

(4) Trial counsel refutes all of Applicant's allegations in his affidavits (original and supplemental)

(5) The Court finds Vasilas affidavits are sufficient to respond to the allegation. (Findings of fact,pp.2).

3

## Conclusion Of Law

The trial court thereafter concluded that:

(1) Applicant waived his right to appeal this case as part of his plea bargain agreement after being admonished by the court;

(2) Applicant has failed to prove that he received ineffective assistance of counsel. applicant did not prove that counsel's representation fell below an objective standard of reasonableness. Nor did he prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (Conclusion Of Law On Remand,pp.2-3)

## Applicant's Objection To The Findings Of Fact And Concluksiion Of Law On Remand

Applicant now files his objections to the trial court's findings of fact and conclusions of law on remand contending that the trial court's conclusion recommending that his habeas corpus petition be denied, must be overruled for three reasons. first, the trial court's findings and conclusions of law stating that--- "Applicant waived his right to appeal this case as part of his plea bargain agreement after being admonished by the Court is contradicted by this Court's holding in Ex Parte Delaney, 207 S.W.3d 794(Tex.Crim.App. 2006); Ex Parte Axel, 757 S.W.2d 369(Tex Crim.App.1988); Strickland V. Washington, 466 U.S. 668, 104 S.CT. 2052(1984); Evitts V. Lucey, 469 U.S. 387, 105 S.CT. 830(1985).

In Ex Parte Delaney, the Court of Criminal Appeals held that when the record reflects that there is no waiver in the record certifying that an appellant expressly waived his right to appeal, that waiver is ineffective. See Ex Parte Delaney, 207 S.W.3d 794,796(Tex. Crim.App. 2006); Ex Parte Thomas, 545 S.W.2d 469 (Tex Crim.App. 1977); Ex Parte Townsend, 538 S.W.2d 419(Tex. Crim.App. 1976).

4

Here in Applicant's case now before the Court of Criminal Appeals, the record reflectw that appellant plead not guilty and was tried by jury. (R.R.Vol#1, pp. 3). After the jury found Applicant guilty, he entered into a plea bargain agreement for a 25 year sentence. (R.R. Vol#1,pp.4-5). However, there is no document in the record before the Court reflecting that applicant expressly waived his constitutional right to appeal. (R.R.Vol#1, pp. 3-6). Furthermore, the record also shows that the trial judge abused his discretion when he ordered that Applicant to serve 25 years without the possibility of parole. (R.R. Vol#1,pp.6, line 2-5)

According to Texas Penal Code § 21.02(h)—Continuous Sexual Abuse of Young Child or Childern— "An offense under this section is a felony of the first degree, punishable by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. See: Texas Penal Code § 21.02(h). This further supports Applicant's claim that his trial counsel's performance was deficient, because he allowed and incouraged the trial court to impose an illegal sentence. Consequently, Applicant's sentence of 25 years without the possibility of parole must be reversed and remanded for a new punishment hearing, in the interest of justice.

Second, the record shows that this Court (Court of Criminal Appeals) Ordered the trial court to supplement the record to show —"If Applicant did expressly waive his right to appeal, the trial court shall supplement the habeas record with evidence of such a waiver. (Order , No.WR-82,696-01,pp.2). However, the record still reflects that there is no document in the record before the Court showing that applicant expressly waived his right to appeal. The record before the Court shows that the trial court totally disregarded this Court's Order to "supplement the habeas record with evidence of such a waiver. Consquently, the trial court's finding that Applicant waived his right to appeal is ineffective. Ex Parte Delaney, 207 S.W.3d 794, 796(Tex. Crim.App. 2006).

5

Third, the trial court's findings and conclusions that -- "Applicant has failed to prove that he received ineffective assistance of counsel because he failed to prove that counsel's representation fell below an objective standard of reasonableness, nor did he prove that there is a reasonable probability that but for counsel's unprofessional error, the result of the proceeding would have been different" -- is also contradicted by the record of evidence. ( conclusion of Law,pp. 2-3).

### Standard Of Review

The standard of review to show that counsel provided ineffective assistance of counsel is set out in Strickland V. Washington, 466 U.S. 668, 104 S.CT. 2052 (1984) Evitts V. Lucey, 469 U.S. 387(1985); Ex Parte Axel, 757 S.W.2d 369(Tex. Crim.App. 1988). In Evitts V. Lucey, the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to a first appeal as of right. Likewise, in Ex Parte Axel, 757 S.W.2d 369 at 374, this Court held that applicant was denied effective assistance of counsel when counsel failed to give applicant any practical assistance in protecting and preserving appellate rights, thus entitling applicant to an out of time appeal. This Court further held that counsel has a burden to ensure that appellate rights are protected and to present a sufficient record to resolve the issue he or she presents on appeal. Ex Parte Axel, 757 S.W.2d at 374; Amador V. State, 221 S.W.3d 666, 675(Tex. Crim App. 2007); Guajardo V. State, 109 S.W.3d 456, 462(Tex. Crim.App. 2003).

### Deficiency

Here, in Applicant's case now before the Court, the record shows that applicant alleged that his trial counsel failed to adequately communicate his options on appeal which resulted in his direct appeal being dismissed. (Appeal No.05-14-00129-CR)

6

Applicant specifically argued that trial counsel misinformed him that he could not appeal the guilt and innocence phase of his trial inwhich he plead not guilty and was tried by jury, and misrepresented to him that he would be eligible for parole within two years if he took the 25 year sentence when infact he would have to serve his 25 year sentence day for day without any possibility of parole, as ordered by the trial court. (R.R. Voll,pp.6) This satisfies part one of Strickland's two part test, because it shows that trial counsel failed to protect applicant's constitutional right to appeal. Ex Parte Axel, 757 S.W.2d at 374; Evitts, 469 U.S. at 389; Strickland, 466 U.S. at 688.

**Harm Analysis**

Applicant further contends that he was prejudiced by counsel's unprofessional error because counsel's error resulted in his direct appeal being dismissed in violation of his First Amendment Right to a first appeal as a matter of right. Evitts, 469 U.S. at 389. Applicant further aggues that he was also harmed by the fact that he is now serving a 25 year sentence without the possibility of parole when infact, this sentence is illegal according to Texas Penal Code § 21.02(h). This satisfies part two of Strickland's test, because applicant has shown that but for trial counsel's unprofessional error there is a reasonable probability that the result of the proceeding would have been different. Strickland, 466 U.S. at 695; Evitts, 469 U.S. at 389; Ex Parte Axel, 757 S.W.2d at 374.

**Prayer**

Applicant respectfully prays that the Court of Criminal Appeals conduct a hearing de novo review, and thereafter grant applicant an out of time appeal in the interest of justice, so that he may properly assert his constitutional right to a first appeal as a matter of right.

REspectfully Submitted:

7

_(signature)_

Arturo Medrano No. 1894196

Coffield Unit

2661 F.M. 2054

Tennessee Colony, Texas 75884

Applicant, Pro se

## Certificate Of Service

I, Arturo Medrano, Applicant, Pro se, do hereby certify that a true and correct copy of this foregoing instrument has been served upon Shara D. Saget, Assistant District Attorney, Frank Crowley Courts Bldg., 133 N. Riverfront Blvd., LB-19, Dallas, Texas 75207-4399. Executed on this 19th day of July, 2015.

Sign: _(signature)_

Arturo Medrano No. 1894196

Applicant, Pro se