COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ABATEMENT ORDER

Appellate case name:      Charleston Singletary v. The State of Texas

Appellate case number:    01-17-00241-CR & 01-17-00242-CR

Trial court case number:  1498412 & 1498413

Trial court:              178th District Court of Harris County

Appellant, Charleston Singletary, pleaded guilty, without an agreed recommendation as to punishment, to one count of assault and one count of assault of a family member. Appellant signed the trial court's written admonishments including a plea paper that included the following language: "I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." The trial judge at that time was the Honorable David Mendoza, and he completed certifications of the defendant's right to appeal and marked the box next to the statement: "the defendant has waived the right of appeal."

Judge Mendoza later held a PSI hearing, during which he stated that the defendant had entered pleas of guilty in both causes, but that "[t]here was no plea bargain and it was without an agreed recommendation." At the end of that hearing, Judge Mendoza stated that he might allow the defendant to withdraw his plea, that they might be going to trial, and that he would allow the parties to confer.

Months later, the newly-elected judge, the Honorable Kelli Johnson, signed orders deferring adjudication and imposing 5 years of community service in each cause. Judge Johnson crossed out Judge Mendoza's signature on the certifications of the right to appeal and added her signature, with an updated date. She made no change to the certifications statement that the defendant had waived the right of appeal in both causes.

Appellant has filed motions to abate in both causes, arguing that the trial court's certifications are erroneous. Appellant contends that the certifications of his right to appeal are defective in two alleged ways: (1) the certifications predate the order of deferred adjudication by seven months and the plea(s) may have been withdrawn, and (2) the certifications state that appellant waived the right to appeal even though he did not enter into a plea bargain or otherwise knowingly and intelligently waive his right to appeal. A

defendant in a non-capital felony case may waive the right to appeal if the waiver is made knowingly and intelligently. *See Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006).

On this record, we are unable to determine whether appellant knowingly and intelligently waived his right to appeal. Accordingly, we grant appellant's motions to abate, and the appeals are **ORDERED ABATED** and **REMANDED** to the trial court for further proceedings.

On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel shall be present. Appellant shall also be present for the hearing or, if appellant is incarcerated, the trial court may allow appellant to participate in the hearing by use of a closed-circuit video teleconferencing system.[1]

We direct the trial court to:

1) Make a finding regarding whether appellant has the right to appeal;

2) If necessary, execute amended certifications of appellant's right to appeal; and

3) Enter appropriate written findings of fact, conclusions of law, and recommendations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file supplemental clerk's records containing the trial court's findings, recommendations, and orders with this Court **within 25 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 25 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 25 days of the date of this order**.

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

It is so ORDERED.

Judge's signature: /s/ Jennifer Caughey
 ☑ Acting individually    ☐ Acting for the Court


Date:  February 1, 2018