CHIEF JUSTICE
  CAROLYN WRIGHT

JUSTICES
  DAVID L. BRIDGES
  MOLLY FRANCIS
  DOUGLAS S. LANG
  ELIZABETH LANG-MIERS
  ROBERT M. FILLMORE
  LANA MYERS
  DAVID EVANS
  ADA BROWN
  CRAIG STODDART
  BILL WHITEHILL
  DAVID J. SCHENCK
  JASON BOATRIGHT

LISA MATZ
CLERK OF THE COURT
(214) 712-3450
theclerk@5th.txcourts.gov

GAYLE HUMPA
BUSINESS ADMINISTRATOR
(214) 712-3434
gayle.humpa@5th.txcourts.gov

FACSIMILE
(214) 745-1083

INTERNET
WWW.TXCOURTS.GOV/5THCOA.ASPX



**Court of Appeals**
**Fifth District of Texas at Dallas**

600 COMMERCE STREET, SUITE 200
DALLAS, TEXAS 75202
(214) 712-3400

March 15, 2018

Honorable Jeanine Howard
Presiding Judge
Criminal District Court No. 6
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-11
Dallas, TX 75207

RE:     Court of Appeals Numbers:   05-18-00053-CR, 05-18-00054-CR,
                                    05-18-00055-CR & 05-18-00056-CR
        Trial Court Case Numbers:   F17-45821-X, F17-45822-X,
                                    F17-45823-X & F17-45824-X
        Style:  Carlos Manuel Rivera v. The State of Texas

Dear Judge Howard:

After reviewing the records in the above appeals, the Court notes that the trial court's certifications of appellant's right to appeal incorrectly state appellant is not entitled to appeal his convictions. Specifically, each certification states appellant waived his right to appeal.

The records show appellant pleaded open to each offense, i.e., he pleaded guilty without the benefit of a plea bargain. On the forms marked "Plea Agreement," the box indicating appellant waived his right to appeal was checked in cause numbers F17-45822-X, F17-45823-X & F17-45824-X (court of appeal numbers 05-18-00054-CR, 05-18-00055-CR & 05-18-00056-CR); the box was not checked in cause number F17-45821-X  (appellate cause #05-18-00053-CR).

However, the records also show that the waivers of his right to appeal in cause numbers F17-45822-X, F17-45823-X & F17-45824-X were executed before the trial court found him guilty, they were not bargained for, and there was no recommended sentence in any of the cases. Under these circumstances, the Texas Court of Criminal Appeals has determined an appellant's waiver of his right to appeal is not knowing and intelligent and does not bar him from appealing his convictions. *See Ex parte Delaney*, 207 S.W.3d 794, 798-800 (Tex. Crim. App. 2006).

Because the records show appellant has **not** waived his right to appeal in any of these cases, please file, within **TEN DAYS** of the date of the letter, a corrected certification of appellant's right to appeal that accurately reflects appellant has the right to appeal in each of the above cases.

We appreciate your attention to this matter.


Respectfully,

/s/ Lisa Matz, Clerk of the Court

LM/cg