ACCEPTED
14-15-00038-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/10/2015 9:14:55 AM
CHRISTOPHER PRINE
CLERK

## No. 14-15-00038-CR

In the
Court of Appeals
Fourteenth District
Houston, Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

6/10/2015 9:14:55 AM

CHRISTOPHER A. PRINE
Clerk

---

**Victor Lamar Jenkins,**
Appellant

v.

**The State of Texas,**
Appellee

---

Appeal from the 299th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-13-302438

---

### STATE'S BRIEF

---

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4811
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

*Oral argument is not requested*

# Table of Contents

Index of Authorities................................................................ ii

Summary of the State's Argument.........................................................1

Argument............................................................................ 3

Prayer .............................................................................10

Certificate of Compliance and Service................................................ 11

# Index of Authorities

**Cases**

*Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009) ........... 4
*Ex parte Delaney*, 207 S.W.3d 794 (Tex. Crim. App. 2006) .............. 4
*Smith v. State*, 286 S.W.3d 333 (Tex. Crim. App. 2009) .............5, 6, 9
*Strickland v. Washington*, 466 U.S. 668 (1984) ................................. 6

**Rules**

Tex. R. App. P. 25.2 ......................................................................... 3

**No. 14-15-00038-CR**

In the
Court of Appeals
Fourteenth District
Houston, Texas

---

**Victor Lamar Jenkins,**
Appellant

v.

**The State of Texas,**
Appellee

---

Appeal from the 299th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-13-302438

---

**STATE'S BRIEF**

---

To the Honorable Fourteenth Court of Appeals:

Now comes the State of Texas and files this brief in response to that of the appellant.

## Summary of the State's Argument

The appellant argues that the trial court abused its discretion when it failed to hold a hearing on his motion for new trial, which alleged ineffective assistance of counsel.

As an initial matter, the appeal should be dismissed for want of jurisdiction because the appellant waived his right to appeal and the trial court's certification reflects that the appellant has no right of appeal.

Additionally, the trial court did not abuse its discretion in failing to hold a hearing on the motion for new trial because the motion did not establish reasonable grounds for relief. The appellant claimed that trial counsel promised him that the judge would give him probation if he pled guilty and that, if he had known there was no guarantee of probation, he would have accepted the plea bargain agreement instead.

But the record shows that the appellant rejected the plea bargain and entered an unnegotiated plea in spite of repeated warnings that there was no guarantee of probation and that the court could consider the full range of punishment. In light of this record, the trial court could have reasonably concluded that appellant could not show a reasonable probability that the result of the proceeding would have been different, but for counsel's conduct. Consequently, the appellant did not show reasonable grounds to believe he could prove ineffective

assistance of counsel at an evidentiary hearing. Under these circumstances, the trial court did not abuse its discretion in failing to hold to a hearing on the appellant's motion for new trial.

## Argument

### The appeal should be dismissed because the appellant waived his right to appeal.

An appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record. Tex. R. App. P. 25.2(d). In this case, the trial court's certification reflects that, "This is an unnegotiated plea and the defendant has NO right of appeal, except for jurisdictional matters." CR 90.

This certification is supported by the record. The following exchange took place at the plea hearing:

> COURT: Knowing that and all the rights you're waiving – you also understand, sir, that you will – be agreeing to come to me unnegotiated, you are waiving your right to appeal? Do you understand that?
>
> DEFENDANT: Yes, Judge.

3RR 7.

3

Additionally, the appellant's signed plea paperwork specifically states, "Unnegotiated plea: If there is no plea bargain, then all non-jurisdictional defects are waived, and you have no right to appeal except for jurisdictional matters." SX 1 at 6RR 8. Later, under "WAIVERS", the paperwork states, "After consulting with my attorney, I freely, knowingly, and voluntarily: . . . WAIVE my right to appeal." SX 1 at 6RR 9.

A pretrial waiver of appeal is valid if there is a plea bargain agreement or if the State gave some consideration for the waiver. *Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006); *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). The State gives consideration if it waives its right to jury trial, thereby allowing the defendant to seek deferred adjudication from the judge. *Broadway*, at 695-99. That is exactly what happened in this case. The State waived its right to a jury trial, which allowed the appellant to ask the court for deferred adjudication, which is exactly what he did. SX 1 at 6RR 11; 5RR 5-6.

Because the appellant received consideration for his waiver of appeal, the waiver is valid. Because the waiver is valid, the appellant has no right to appeal.

Accordingly, this appeal should be dismissed for want of jurisdiction.

**The trial court did not abuse its discretion in failing to hold a hearing on the motion for new trial.**

If this court determines that the appellant did not waive his right to appeal, it must decide whether the trial court abused its discretion in failing to hold a hearing on the motion for new trial.

A trial court abuses its discretion in failing to hold a hearing if the motion for new trial and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Smith v. State*, 286 S.W.3d 333, 338-40 (Tex. Crim. App. 2009).

The appellant's motion and affidavit raised a matter not determinable from the record, namely, whether trial counsel

promised the appellant that he would receive probation if he pled guilty and went to the judge for punishment. CR 101-04.

But the appellant did not establish reasonable grounds for relief. To establish reasonable grounds for relief on a claim of ineffective assistance of counsel, the defendant must allege facts that would reasonably show that (1) his counsel's representation fell below the standard of professional norms, and (2) there is a reasonable probability that, but for counsel's conduct, the result of the proceeding would have been different. *Smith*, 286 S.W.3d at 335, citing *Strickland v. Washington*, 466 U.S. 668 (1984).

The appellant's allegation meets the first prong of *Strickland* because no competent trial counsel would guarantee probation in an unnegotiated plea to an armed, home-invasion robbery.

But the appellant is not able to meet the second prong of *Strickland*, which requires him to show that there is a reasonable probability that the result of the proceeding would have been different, but for counsel's conduct. The appellant's motion and affidavit claim that, if he had known there was no guarantee of probation, he would have accepted the plea bargain offer of 6 years

prison. CR 103. But the record shows that the appellant rejected the plea bargain and entered an unnegotiated plea in the face of numerous, repeated warnings that there was no guarantee of probation and that the court could consider the full range of punishment.

The trial court admonished the defendant that the punishment range was "anywhere from five years to 99 years or life," and the appellant stated that he understood. 3RR 5. The court further stated:

THE COURT: And, Mr. Jenkins, it is my understanding that the State – that you have chosen to come to me for punishment, there is no negotiated plea right now. And I know [defense counsel] has explained to you the full range of punishment, which is five years to 99 years or life, and he's also told you that under the law I can defer a sentence on an aggravated robbery. I have made no promises whatsoever to either side at this time. I don't know what I'll do. You need to be aware that it could go anywhere from deferred up to 99 or life. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And you're still happy to go forward with this plea today?

THE DEFENDANT: Yes.

THE COURT: Knowing that and all the rights you're waiving – you also understand, sir, that you will – be

agreeing to come to me unnegotiated, you are waiving your right to appeal? Do you understand that?

THE DEFENDANT: Yes, Judge.

THE COURT: Okay. Knowing that and all the rights you are waiving as set out in State's 1, how do you plead to the charge of aggravated robbery, a first-degree felony, on or about the 9th day of November, 2013, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Are you pleading guilty because you are guilty and for no other reason?

THE DEFENDANT: Yes, Judge.

3RR 6-7.

Furthermore, the plea paperwork has his initials next to the following punishment range: "FIRST DEGREE FELONY: a term of life or any term of not more than 99 years or less than 5 years in the Texas Department of Criminal Justice and, in addition, a fine not to exceed $10,000." SX 1 at 6RR 7. The paperwork later has his initials next to, "PLEA OF GUILTY: . . . My plea is entered freely and voluntarily, and without any coercion, duress or promise of benefit other than that stated in the plea bargain agreement." SX 1 at 6RR 10. Since there was no plea bargain agreement in this case, the statement implies that there were no promises at all. Finally, the appellant

swore that all of the statements on the plea form were true. SX 1 at 6RR 10.

In sum, the trial court could have reasonably concluded that appellant could not show a reasonable probability that the result of the proceeding would have been different, but for his counsel's alleged promise, because the appellant proceeded forward despite repeated warnings that there were no promises being made and that he was subject to the full range of punishment.

Because he could not show a reasonable probability that the result of the proceeding would have been different, the appellant did not show reasonable grounds to believe he could prove ineffective assistance of counsel at an evidentiary hearing. *Smith*, 286 S.W.3d at 345.

Because he did not show reasonable grounds to believe he could prove ineffective assistance of counsel at an evidentiary hearing, the trial court did not abuse its discretion in failing to hold to a hearing on the appellant's motion for new trial.

**Prayer**

The State asks this Court to dismiss the appeal for lack of jurisdiction.

Alternatively, the State asks this Court to overrule the appellant's point of error and affirm the trial court's judgment.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4811
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

10

## Certificate of Compliance and Service

I certify that this brief contains 1,578 words. I further certify that, on the 10th day of June, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to the defendant's attorney, Paul M. Evans, 811 Nueces Street, Austin, Texas 78701

**Angie Creasy**