COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Corey Nickerson v. The State of Texas

Appellate case numbers:  01-15-00764-CR; 01-15-00765-CR; 01-15-00766-CR

Trial court case numbers: 1404004; 1416652; 1459622

Trial court:                     176th District Court of Harris County

Appellant, Corey Nickerson, pled guilty, without agreed recommendations as to punishment, to the three counts of aggravated robbery with a deadly weapon. As part of his pleas, appellant signed the trial court's written admonishments which included a waiver of the right of appeal. During the plea hearings, the trial judge admonished appellant that, by pleading guilty, he was agreeing to waive his right of appeal, and appellant agreed that he understood this. On the same date the plea papers were signed, the trial court completed the certification of the defendant's right of appeal and marked the box next to "the defendant has waived the right of appeal." During the plea hearing, the trial court advised appellant that the range of punishment for the offense was incarceration for 5 years to life, and a fine not to exceed $10,000. Appellant was sentenced to 20 years' incarceration.

The Texas Court of Criminal Appeals has held that when a defendant waives his right of appeal before sentencing and without an agreement as to punishment, the waiver is not valid. *See Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006). The court said:

> [W]e hold that, in order for a pretrial or presentencing waiver of the right to appeal to be binding at the punishment phase of trial, the waiver must be voluntary, knowing, and intelligent. One way to indicate that the waiver was knowing and intelligent is for the actual punishment or maximum punishment to have been determined by a plea agreement when the waiver was made. However, simply knowing the range of punishment for the offense is not enough to make the consequences of a waiver known with certainty, because it still

> does not allay the concern that unanticipated errors may occur at the punishment phase of trial.

*Id.* at 799 (concluding that applicant was improperly denied the right to appeal his sentence because his waiver of the right to appeal was not knowing and intelligent where waived occurred without knowing what punishment would be assessed). *See also Ex parte Broadway*, 301 S.W.3d 694, 697-98 (Tex. Crim. App. 2009 (reiterating *Delaney* rule, but finding it distinguishable where State gave consideration for the waiver of the right of appeal). Here, there is no indication in the record that the State gave any consideration for appellant's waiver of his right of appeal.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

Accordingly, we abate these appeals and remand the causes to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

1) Make a finding regarding whether or not appellant has the right to appeal in light of *Delaney*;
2) If necessary, execute an amended certification of appellant's right to appeal;
3) Make any other findings and recommendations the trial court deems appropriate; and
4) Enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file supplemental clerk's records containing the trial court's findings, recommendations, and orders with this Court **within 25 days of the date of this**

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

**order**. The court reporter is directed to file the reporter's record of the hearing **within 25 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 25 days of the date of this order**.

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle

☑ Acting individually    ☐ Acting for the Court

Date: January 28, 2016