COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Rashard D. Moffett v. The State of Texas

Appellate case number:   01-15-01049-CR

Trial court case number:  1450990

Trial court:             183rd District Court of Harris County

Appellant, Rashard D. Moffett, pleaded guilty, without an agreed recommendation as to punishment, to the felony offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). The trial court assessed punishment at confinement for fifteen years. Before signing the judgment of conviction, the trial court executed a certification of appellant's right to appeal, stating that this "is a plea-bargain case, and the defendant has NO right of appeal." Appellant timely filed a notice of appeal.

The trial court's certification of appellant's right to appeal is defective. The certification states that this is a plea-bargain case, but the record contradicts the certification. *See* TEX. R. APP. P. 25.2(a)(2) (stating plea-bargain case is "case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant"). Although he pleaded guilty, the record reflects that appellant pleaded guilty without an agreed recommendation as to punishment. Accordingly, this case is not a plea-bargain case. Further, the clerk's record does not reflect that the State gave any consideration for a waiver of the right to appeal or that appellant waived his right to appeal after sentencing. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *Washington v. State*, 363 S.W.3d 589, 589 (citing *Ex parte Delaney*, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006)); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Paul H. LaValle, shall be

present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:
1) Execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right to appeal; and
2) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd
☒ Acting individually ☐ Acting for the Court

Date: February 2, 2016

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.