

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,428-01

### EX PARTE SERGIO LOUIS TREVINO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 14-1951-CR-C IN THE 25TH DISTRICT COURT FROM GUADALUPE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of aggravated sexual assault of a child and two counts of indecency with a child. He was sentenced to seventy years' imprisonment for each aggravated sexual assault count and fifteen years' imprisonment in each indecency with a child count.

Applicant contends that the trial court wrongfully certified that he had no right of appeal, and that counsel rendered ineffective assistance because counsel did not advise Applicant of his right to appeal the punishment hearing, which occurred approximately three months after the appellate

certification was signed.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Delaney*, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

This Court remanded this application to the trial court for a response from counsel and specific findings of fact and conclusions of law addressing several issues. The trial court made findings of fact and conclusions of law based on the certification of the right to appeal found in the record, recommending that relief be denied.

The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make additional findings of fact and conclusions of law as to whether Applicant had a right to appeal the outcome of the punishment hearing. If the court finds that Applicant waived any appeal, it shall make specific findings as to when that waiver occurred, relative to the time of the punishment hearing and assessment of sentence. The court shall also make specific findings of fact as to how counsel advised Applicant of his right to appeal, if any, and any waivers Applicant may have executed. The trial court shall also make any other findings of fact and

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 20, 2018

Do not publish.