ACCEPTED
05-19-00313-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/3/2019 10:44 AM
LISA MATZ
CLERK



**DALLAS COUNTY**
**DISTRICT ATTORNEY**
**JOHN CREUZOT**
Appellate Division

May 3, 2019

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

5/3/2019 10:44:32 AM

LISA MATZ
Clerk

Ms. Lisa Matz
Clerk of the Court
Court of Appeals, Fifth District of Texas at Dallas
600 Commerce Street, Suite 200
Dallas, Texas 75202

RE:     Appeal No. 05-19-00313-CR; Trial Court No. F18-47214-I
        *Johnnie Otis Davis v. The State of Texas*

Dear Ms. Matz:

Please accept this letter as the State's response to this Honorable Court's letter dated April 16, 2019, directing the parties to address whether this Court has jurisdiction to entertain Appellant's appeal.

In the above case, Appellant entered a negotiated plea of guilty to the offense of theft of property valued at less than $2,500, enhanced by two prior convictions, and waived his right of appeal. (CR: 21–25).[1] The trial court accepted Appellant's guilty plea and, in accordance with the terms of the plea agreement, placed Appellant on five years' deferred-adjudication probation, on January 22, 2019. (CR: 25, 27–33; RR: 7–8). The trial court certified that this is a plea-bargain case and Appellant has no right of appeal.[2]

In plea-bargain cases, the defendant needs permission from the trial court to appeal any matter not raised in a written motion and ruled on pretrial. Tex. R. App. P. 25.2(a)(2); Tex. Code Crim. Proc. art. 44.02. For purposes of this rule, a plea-bargain case is any case "in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and

---

[1] "CR" refers to the clerk's record in cause number 05-19-00313-CR, and "RR" refers to the reporter's record in the same cause.

[2] The trial court's certification of Appellant's right to appeal contained in the clerk's record failed to reflect whether Appellant had the right to appeal. Pursuant to this Court's request, the trial court filed a corrected certification of Appellant's right to appeal on April 11, 2019. The corrected certification states that this is a plea-bargain case and Appellant has no right of appeal.

133 N. Riverfront Blvd., LB–19, Dallas, Texas 75207-4399              (214) 653-3625

agreed to by the defendant." *Id.*

As previously noted, Appellant pleaded guilty pursuant to a plea agreement with the State in which the punishment recommended by the prosecutor and agreed to by Appellant was five years' deferred-adjudication probation. (CR: 21–25, 27–33). The judgment reflects that the trial court followed the plea agreement and assessed the agreed punishment. (CR: 27). Therefore, this is a plea-bargain case and Appellant could appeal only with the permission of the trial court, which he did not obtain.

Additionally, Appellant explicitly waived his right of appeal. (CR: 23). A defendant in a non-capital felony case may waive any rights secured to him by law, including the right of appeal. *See* Tex. Code Crim. Proc. art. 1.14; *Ex parte Delaney*, 207 S.W.3d 794, 796 (Tex. Crim. App. 2006). A waiver of a right of appeal is valid as long as it was made voluntarily, knowingly, and intelligently. *See Delaney*, 207 S.W.3d at 796–97. "When a defendant waives his right of appeal as part of an agreement on sentencing and the agreement is followed by the trial court, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission." *Vela v. State*, Nos. 01-12-00889-CR, 01-12-00890-CR, 2013 WL 1503595, at *1 (Tex. App.—Houston [1st Dist.] Apr. 11, 2013, no pet.) (mem. op., not designated for publication) (first citing *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) and then citing *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000)); *see* Tex. R. App. P. 25.2(a)(2).

Appellant waived his right of appeal in this case as part of the plea agreement he entered into with the State. (CR: 23). The trial court accepted the plea agreement and sentenced Appellant in accordance with the terms agreed to by Appellant and the State. (CR: 21–25, 27–33; RR: 7–8). Appellant has, therefore, voluntarily waived his right of appeal in this case.

This appeal should be dismissed for lack of jurisdiction.

Respectfully submitted,

/s/ **Rebecca Ott Labardini**

_____
Rebecca Ott Labardini
Assistant District Attorney
State Bar Number 24074842
Frank Crowley Courts Building
133 N. Riverfront Boulevard, LB-19

2

Dallas, Texas 75207-4399
(214) 653-3625 | (214) 653-3643 *fax*
Rebecca.Ott@dallascounty.org

cc:     Mr. Bruce Anton, Attorney for Appellant
        (via electronic service through efile.txcourts.gov to ba@udashenanton.com)